CANTRELL, Appellant,

v.

CELOTEX CORPORATION et al., Appellees.

[Cite as *Cantrell v. Celotex Corp.* (1995), 105 Ohio App.3d 90.]

Court of Appeals of Ohio,
First District, Hamilton County.

No. C–930968.

Decided June 28, 1995.

*Adams & Knox* and *Scott E. Knox,* for appellant.

*Vorys, Sater, Seymour & Pease* and *Yolanda V. Vorys,* for appellee Celotex Corp.

*William D. Haders,* for appellees Industrial Commission of Ohio et al.

---

PAINTER, Judge.

The plaintiff-appellant, Robert Cantrell, filed an appeal with the court of common pleas following the decision of the defendant-appellee Industrial Commission of Ohio to deny his claim for workers' compensation benefits. The court of common pleas granted the Industrial Commission's motion to dismiss the appeal on the basis that the appeal was filed beyond the sixty-day limit for appealing the Industrial Commission's decisions contained in R.C. 4123.519.[1]  In his solitary assignment of error, Cantrell asserts that dismissal of his appeal was in error because the sixty-day time limit begins to run only when a party receives the formal written decision of the Industrial Commission, and upon the undisputed evidence in this case his attorney never received such formal notice.

Although not without concern for the wisdom or economy of requiring Cantrell to go back to the Industrial Commission and prove what it apparently concedes— that notice to Cantrell's attorney was mailed to the wrong address and therefore

---

1. R.C. 4123.519 states in pertinent part:
   "Notice of such appeal shall be filed by the appellant with the court of common pleas within sixty days after the date of the receipt of the decision appealed from or the date of receipt of the order of the commission refusing to permit an appeal from a regional board of review. Such filing shall be the only act required to perfect the appeal and vest jurisdiction in the court."

not received—we hold that compliance with R.C. 4123.522, the statutory "savings procedure," is a required first step to vesting the court of common pleas with jurisdiction in a case involving an alleged failure of notice. Because Cantrell did not pursue this administrative remedy before filing his appeal in the court of common pleas, we affirm that court's dismissal of his appeal.

## I. Facts

On October 19, 1990, the Industrial Commission, through a district hearing officer, denied Cantrell's claim for workers' compensation benefits for laryngeal cancer which he allegedly contracted as a result of asbestos exposure while an employee of the defendant-appellee Celotex Corporation. Cantrell timely appealed this decision to the Dayton Regional Board of Review, which affirmed the decision of its hearing officer on August 22, 1991. The Industrial Commission then affirmed the regional board on December 8, 1992.

According to Cantrell, the Industrial Commission then sent notice of its decision to his attorney at the address of his old law firm, where he had not worked for approximately two years. This allegation is borne out by the decision itself, which bears the addresses of the parties and contains a different address for Cantrell's attorney than the one that appeared in the earlier decisions of the hearing officer and regional board. In its response to the Industrial Commission's motion to dismiss his appeal to the court of common pleas, Cantrell's counsel averred that he only became aware of the Industrial Commission's denial of the claim on May 11, 1993, when he called to inquire as to why no decision had yet been issued. According to Cantrell's counsel, he had yet to receive written notice of the Industrial Commission's decision during the pendency of his appeal in the court of common pleas.

As he argued below, Cantrell asserts before this court that the Industrial Commission's failure to provide his counsel with written notice of its decision rendered inapposite the requirement in R.C. 4123.519 that the appellant file his notice of appeal to the court of common pleas within sixty days of the receipt of the Industrial Commission's order. In the absence of written notice, Cantrell asserts that it is sufficient that he filed his appeal to the court of common pleas within sixty days of May 11, 1993, the date upon which his counsel received actual knowledge of the decision. Moreover, Cantrell argues that R.C. 4123.522, the statutory section which sets forth an administrative procedure whereby parties who have failed to receive notice through no fault or neglect of their own may receive an additional twenty-day period in which to file an appeal, does not apply because that procedure only need be followed where the notice is posted to the proper address.

## II. Notice Requirement

The starting point of our analysis is the Ohio Supreme Court's decision in *Weiss v. Ferro Corp.* (1989), 44 Ohio St.3d 178, 542 N.E.2d 340. *Weiss* makes clear that both a party and the party's attorney are entitled to written notice of the Industrial Commission's decision, and "[n]ot until after receipt of this notice does the time for appeal under R.C. 4123.519 begin to run." *Id.* at 182, 542 N.E.2d at 344. Actual knowledge of the decision such as that Cantrell's attorney received after making a telephone inquiry to the Industrial Commission is not the same as "notice," and only upon receipt of the latter does the sixty-day period commence. *Id.*

That is not to say, however, that because both a party and his representative are entitled to notice, notice to one and not the other necessarily precludes the running of the sixty-day period. This is so because of language in R.C. 4123.522. That section provides:

"The employee, employer and their respective representatives shall be entitled to written notice of any hearing, determination, order, award, or decision under the provisions of Chapter 4123. of the Revised Code. If any person to whom a notice is mailed shall fail to receive such notice and the industrial commission, upon hearing, shall determine that such failure was due to cause beyond the control and without the fault or neglect of such person or his representative and that such person or his representative did not have actual knowledge of the import of the information contained in such notice, such person may take the action afforded to such person within twenty days after the receipt of such notice of such determination of the industrial commission. Delivery of such notice to the address of such person or his representative shall be prima facie evidence of receipt of such notice by such person."

As noted in *Weiss,* the proviso in R.C. 4123.522 that such person or his representative did not have actual knowledge of the import of the information contained in the notice is designed "to prevent a party from delaying the filing of an appeal where notice has been sent to both the party and his representative, and one of them has not received such notice but is fully aware of the decision and receipt thereof by the other * * *." *Id.* at 183, 542 N.E.2d at 344. In other words, R.C. 4123.522 was implemented "to afford relief where notice is not received by either the party or his representatives, and one or both of them has no knowledge of the decision." *Id.* Although *Weiss* acknowledged that there was no duty upon a party who receives notice to advise his representative, a representative who has actual knowledge of the notice received by his or her client cannot deliberately allow the sixty-day period for filing an appeal to expire.

### III. Right to Appeal

It follows, therefore, that if, as Cantrell's counsel asserts, he did not receive written notice of the Industrial Commission's decision, and if he did not obtain actual knowledge of the decision until May 11, 1993, the sixty-day period in R.C. 4123.519 for filing an appeal to the court of common pleas did not begin to run and his appeal should not have been dismissed for that reason. As noted at the outset, on the basis of representations made in its brief and in oral argument, the Industrial Commission is apparently willing to concede for purposes of this appeal that the notice was misdirected and never received by Cantrell's counsel, and that, furthermore, Cantrell's counsel did not have actual knowledge of the decision until May 11, 1983. The question arises, however, whether a party claiming a failure of notice has a preemptory right to take an appeal to the court of common pleas by merely averring in the notice of appeal or in the complaint that no notice was received and that the appeal was brought within sixty days of receiving actual knowledge of the decision. We hold that such a preemptory right of appeal does not exist.

The reason for our holding is twofold. First, it is clear that the legislature has created an administrative remedy for a party claiming a failure of notice. As described in *Weiss,* R.C. 4123.522 is " 'savings procedure' which applies in circumstances where notice of the decision to be appealed is not received * * *." *Id.* at 179, 542 N.E.2d at 341.

We cannot agree with Cantrell's assertion, moreover, that he was not required to exhaust this administrative remedy because the remedy applies only to situations involving the so-called "mailbox rule," a rebuttable presumption that a letter mailed is presumed to be received in due course. See *Young v. Bd. of Review* (1967), 9 Ohio App.2d 25, 38 O.O.2d 36, 222 N.E.2d 789. According to Cantrell, the "mailbox rule" has no bearing in the present case because the presumption only attaches when the letter is sent to the correct address. *Weiss,* however, states that the "mailbox rule" applies "once a notice is mailed," *Weiss* at 180, 542 N.E.2d at 341, making no distinction as to whether it was properly addressed. Furthermore, we believe that the "mailbox rule" is only one evidentiary aspect of the procedure under R.C. 4123.522, not its sole reason for being, and that, no matter whether the presumption is rebutted or shown to have no logical application, the legislature intended R.C. 4123.522 to be the mechanism by which "any person to whom notice is mailed" may demonstrate that it was not received in due course. In sum, the fact that the Industrial Commission put an old address on the notice mailed to his counsel clearly makes Cantrell's task of defeating the "mailbox rule" easier, but it does not obviate the need for an administrative hearing.

Secondly, lest we be accused of perpetuating a Kafkaesque bureaucracy, in which people are required to submit to hearing matters which no one contests, a close examination of *Weiss* makes clear that a party cannot, from a jurisdictional standpoint, bypass the savings procedure of R.C. 4123.522 and take an appeal directly to the court of common pleas by merely asserting actual knowledge of a decision. In *Weiss*, the claimant received written notice of the Industrial Commission's decision in January 1986, but his counsel, who never received notice, did not learn of the decision until April of that year. In determining the claimant's time for filing an appeal, the court in *Weiss* wrote:

"[The claimant's] counsel was entitled to notice of the commission's decision of December 9, 1985, which denied the appeal. When counsel learned of the adverse decision on April 16, 1986, the sixty-day period under R.C. 4123.519 for appeal to the common pleas court had presumptively run since counsel was presumed to have received notice under the 'mailbox rule.' *Accordingly, [the claimant's] time for appeal did not begin to run on April 16, 1986, when its counsel first learned of the commission's adverse decision. It was first necessary, as counsel did, to apply to the commission pursuant to R.C. 4123.522 for a determination that the presumption of receipt of the decision was factually incorrect and, thus, the filing of an appeal should be allowed.* [The claimant's] time to appeal the commission's decision denying the appeal did not begin to run until September 2, 1986, when appellant received *notice* of the commission's order granting appellant's motion under R.C. 4123.522 and of the adverse decision of December 9, 1985, referred to therein." (Emphasis *sic.*) *Weiss, supra,* at 182–183, 542 N.E.2d at 344.

From this passage it is clear that no direct right of appeal inures to a party upon learning of an adverse decision; rather, it is the receipt of *notice* of the Industrial Commission's order granting relief under R.C. 4123.522 and the adverse decision that resurrects the party's presumptively expired time for filing the appeal. Indeed, both *Weiss* and its predecessor, *Skiba v. Connor* (1983), 5 Ohio St.3d 147, 5 OBR 313, 449 N.E.2d 775,[2] support the conclusion that no right of appeal attaches as the result of mere knowledge of the decision, and that it is not until after receipt of written notice that the right of appeal attaches and the time for appeal begins to run. In this respect, in a case involving an alleged failure of notice, we deem the Industrial Commission's order granting relief under R.C. 4123.522 and receipt of the adverse decision jurisdictional prerequisites to a party's right to appeal to the court of common pleas. We note that it

---

2. The central holding of *Skiba,* that R.C. 4123.522 was strictly an intra-agency remedy, was overruled in the syllabus of *Weiss. Weiss,* however, cites *Skiba* for the proposition that it is notice, not actual knowledge, which triggers the time for appeal under R.C. 4123.519. *Weiss,* 44 Ohio St.3d at 182, 542 N.E.2d at 344.

appears Cantrell's counsel has *yet* to receive his notice, so he may now seek relief under R.C. 4123.522, and the Industrial Commission's order under that section will allow him to properly proceed to the court of common pleas.

Finally, because both sides have sought to enlist it in their causes, we note that this court's decision in *Hendrickson v. ANR Freight Systems* (Aug. 1, 1990), Hamilton App. No. C–890332, unreported, 1990 WL 107456, is distinguishable and consistent with our holding in the case *sub judice.* In *Hendrickson,* the Industrial Commission mailed notice to the claimant's attorney in an envelope incorrectly stating his firm's name. Unlike the scenario involving Cantrell, however, the attorney did receive the notice almost a month after it was mailed. The attorney then filed an appeal to the court of common pleas within sixty days of receipt of the notice but beyond the presumptive running of the sixty-day period in accordance with the "mailbox rule." Observing that the case involved a lack of timely notice rather than a failure of notice, this court held that there was no need for the claimant to resort to the savings procedure in R.C. 4123.522 since R.C. 4123.519 expressly granted to his counsel sixty days in which to file his appeal from the date he ultimately received the improperly addressed notice. The same result would have applied here had Cantrell's attorney eventually been forwarded the notice mailed to his old law firm. Because the notice was not forwarded, this case involves a failure of notice and resort to R.C. 4123.522 is required.

### IV.   Conclusion

Accordingly, for the reasons set forth herein, the order of the trial court dismissing Cantrell's appeal is affirmed.

*Judgment affirmed.*

GORMAN, P.J., and HILDEBRANDT, J., concur.