DECISION AND JUDGMENT ENTRY
This is an appeal from a judgment of the Lucas County Court of Common Pleas finding that it lacked jurisdiction to hear an appeal filed by an employer in a workers' compensation case. Because we conclude that the Lucas County Court of Common Pleas did have jurisdiction to consider the employer's appeal, we reverse.
The facts pertinent to this appeal follow. An employee of DaimlerChrysler, Herman Boykin, filed a workers' compensation claim. Boykin's claim was allowed, first by the District Hearing Officer, and second by the Staff Hearing Officer who held hearings on the claim. Boykin and DaimlerChrysler have stipulated that DaimlerChrysler was represented by attorneys from the law firm of Eastman Smith Ltd. at the two administrative hearings held regarding Boykin's claim.
DaimlerChrysler appealed the staff hearing officer's order allowing Boykin's claim. On October 1, 1998, the Industrial Commission issued a written order denying DaimlerChrysler's appeal. Boykin and DaimlerChrysler have stipulated that the written notice was not mailed to the attorneys from Eastman Smith, Ltd. who had represented DaimlerChrysler for this claim. Instead, notice was mailed to a law firm in Columbus, Ohio, that had represented DaimlerChrysler in other claims. They have further stipulated that attorneys for Eastman Smith, Ltd. first learned of the Industrial Commission's ruling on December 14, 1999 when they checked the Industrial Commission's case file and found a copy of the written ruling in the file. DaimlerChrysler's attorneys from Eastman Smith, Ltd. then filed a notice of appeal in the Lucas County Court of Common Pleas on February 9, 2000, from the ruling of the Industrial Commission.
After DaimlerChrysler filed its notice of appeal, Boykin filed a complaint in the Lucas County Court of Common Pleas, as is required by statutory procedures relating to workers' compensation cases. The Administrator of the Bureau of Workers' Compensation filed an answer asserting that Boykin should be allowed to participate in workers' compensation for his claim. DaimlerChrysler filed an answer asserting a general denial of Boykin's claim.
Boykin subsequently filed a motion to dismiss or for summary judgment. Boykin argued that the Lucas County Court of Common Pleas lacked jurisdiction to consider DaimlerChrysler's appeal because the notice of appeal was not timely. Boykin cited two statutory provisions in support of its motion, R.C. 4123.512 and R.C. 4123.522, and argued that when the statutory provisions are applied to the facts in this case, it is clear that DaimlerChrysler was required to first apply to the Industrial Commission to rebut a presumption that Eastman Smith, Ltd. did receive timely notice and to get a ruling that the time to file an appeal to the court of common pleas had not yet run. Boykin argued that without that administrative ruling, the court of common pleas lacked jurisdiction to consider the appeal. The Administrator filed a motion in support of Boykin's motion to dismiss/motion for summary judgment.
DaimlerChrysler filed a memorandum in opposition to the motion to dismiss/motion for summary judgment. DaimlerChrysler argued that the "mailbox rule" presumption of timely receipt of notice is only triggered when there is proof that notice was actually mailed. DaimlerChrysler pointed to the stipulations filed by the parties to support its assertion that there is no dispute in this case that no notice of the Industrial Commission's order was ever mailed to DaimlerChrysler's representative in this case, Eastman Smith, Ltd.
On February 13, 2001, the Lucas County Court of Common Pleas granted the motion for summary judgment brought by Boykin and dismissed all claims filed in that court by DaimlerChrysler. No specific explanation of the court's reasoning was made on the record, but the court did cite three cases in support of its ruling.
DaimlerChrysler then filed this appeal. DaimlerChrysler has presented one assignment of error for review. The sole assignment of error is:
 "The trial court erred in concluding that R.C. § 4123.522 deprived the court of subject matter jurisdiction over appellant's timely commenced workers' compensation appeal."
At the heart of the dispute between the parties in this case are two statutory provisions: R.C. 4123.512, which sets the time for filing an appeal of an industrial commission's ruling to a court of common pleas, and R.C. 4123.522, which establishes the rules for who is entitled to notice of administrative rulings and which contains the "mailbox rule". R.C. 4123.512 provides, in pertinent part:
 "(A) The claimant or the employer may appeal an order of the industrial commission made under division (E) of section 4123.511 of the Revised Code in any injury or occupational disease case, * * *. * * * Like appeal may be taken from an order of a staff hearing officer made under division (D) of section 4123.511 of the Revised Code from which the commission has refused to hear an appeal. The appellant shall file the notice of appeal with a court of common pleas within sixty days after the date of the receipt of the order appealed from or the date of receipt of the order of the commission refusing to hear an appeal of a staff hearing officer's decision under division (D) of section 4123.511 of the Revised Code. The filing of the notice of appeal with the court is the only act required to perfect the appeal.
"* * *
 "Notwithstanding anything to the contrary in this section, if the commission determines under section 4123.522 of the Revised Code that an employee, employer, or their respective representatives have not received written notice of an order or decision which is appealable to a court under this section and which grants relief pursuant to section 4123.522 of the Revised Code, the party granted the relief has sixty days from receipt of the order under section 4123.522 of the Revised Code to file a notice of appeal under this section." (Emphasis added).
R.C. 4123.522 provides:
 "The employee, employer, and their respective representatives are entitled to written notice of any
hearing, determination, order, award, or decision under this chapter and the administrator of workers' compensation and his representative are entitled to like notice for orders issued under divisions (C) and (D) of section 4123.511 [4123.51.1] and section 4123.512 [4123.51.2] of the Revised Code. An
employee, employer, or the administrator is deemed not to have received notice until the notice is received from the industrial commission or its district or staff hearing officers, the administrator, or the bureau of workers' compensation by both the employee and his representative of record, both the employer and his representative of record, and by both the administrator and his representative.
 "If any person to whom notice is mailed fails to receive the notice and the commission, upon hearing, determines that the failure was due to cause beyond the control and without the fault or neglect of such person or his representative and that such person or his representative did not have actual knowledge of the import of the information contained in the notice, such person may take the action afforded to such person within twenty-one days after the receipt of the notice of such determination of the commission. Delivery of the notice to the address of the person or his representative is prima-facie evidence of receipt of the notice by the person."
(Emphasis added).
DaimlerChrysler argues that the language of the above statutes shows that the necessity to file a request for a hearing under R.C. 4123.522 is only triggered when notice is actually mailed. DaimlerChrysler says that in all of the cases relied upon by the Lucas County Court of Common Pleas to support its ruling that it lacked jurisdiction to consider the appeal, Cantrell v. Celotex Corp. (1995), 105 Ohio App.3d 90; Shutts v.Economy Machine Tool North, Inc. (Aug. 7, 1998), Williams App. No. WM-98-004, unreported; and Lunsford v. John R. Jurgensen Co. (Feb. 13, 1998), Hamilton App. No. C-960886, unreported, notice was mailed, the presumption of the "mailbox rule" in R.C. 4123.522 that notice was received was therefore triggered, and the parties needed to hold the administrative hearing to rebut the presumption of the mailbox rule. DaimlerChrysler argues that this case is distinguishable from the cases cited by the Lucas County Court of Common Pleas because it is undisputed that notice was never mailed by the Industrial Commission to Eastman 
Smith, Ltd. DaimlerChrysler therefore argues that the mailbox rule was never applicable and no hearing is required because a presumption that notice was timely delivered was never triggered. Finally, DaimlerChrysler cites a decision of the Industrial Commission, Buchananv. Weight Watchers Food Co. (Feb. 16, 1999), 1999 OH Wrk. Comp. LEXIS 39, in which the industrial commission ruled that the mailbox rule found in R.C. 4123.522 is not triggered until an essential element, a showing that the notice was mailed to the "putative recipient" is met. DaimlerChrysler concludes that the Lucas County Court of Common Pleas erred when it ruled that it lacked jurisdiction to consider the appeal until DaimlerChrysler first pursued a hearing with the Industrial Commission under R.C. 4123.522 and got a ruling from the Industrial Commission that it was entitled to more time to file its appeal.
Boykin responds that the Lucas County Court of Common Pleas correctly interpreted the statutes and case law and that it did not err when it ruled that it lacked jurisdiction to consider DaimlerChrysler's appeal without a ruling from the Industrial Commission that DaimlerChrysler was entitled to more time to file its appeal. Boykin argues that this is a simple failure of notice case, and that it is not distinguishable from the three cases relied upon by the Lucas County Court of Common Pleas, because in each of those cases there was also a failure of notice.
Boykin says that DaimlerChrysler must first seek a hearing with the Industrial Commission to get a ruling on whether or not DaimlerChrysler has additional time to file an appeal in this case. Boykin says that this is a failure of notice case because at best, Eastman Smith, Ltd. only has actual knowledge of the Industrial Commission's ruling and has never received notice in the manner required by statute. Boykin says that even though he is willing to concede that the attorneys from Eastman Smith Ltd. were never mailed notice in this case, and that the representative gained actual knowledge of the ruling, that does not answer the remaining parts of the test set forth in R.C. 4123.522 for a delayed appeal, i.e. was the failure of notice due to circumstances beyond the control of the party or its representative and was the failure of notice the result of any negligence on the part of the employer or its representative. Boykin says these questions must be addressed, and are factual determinations that can only be made by the Industrial Commission. Boykin contends that until DaimlerChrysler gets approval from the Industrial Commission to file an appeal to the Lucas County Court of Common Pleas, that court has no jurisdiction to consider DaimlerChrysler's appeal.
After carefully reviewing the applicable statutory language and the cited case law, we conclude that DaimlerChrysler is correct that the Lucas County Court of Common Pleas erred when it ruled that it lacked jurisdiction to consider the appeal brought by DaimlerChrysler in this case. The statutes, when read together, clearly show that the provisions of R.C. 4123.522 only apply when notice is mailed to a party and to the party's representative. This case did not involve an instance where notice was mailed to a representative but did not get delivered because of a mistaken address for the correct representative or a misdelivery or a delayed delivery or a nondelivery of a properly addressed notice, i.e. a failure of notice. See, e.g., Weiss v. Ferro Corp. (1989),44 Ohio St.3d 178, 183; Cantrell v. Celotex Corp. (1995),105 Ohio App.3d 90, 93-94; Hendrickson v. ANR Freight Systems, Inc. (Aug. 1, 1990), Hamilton App. No. C-890332, unreported; and Shutts v.Economy Machine Tool North, Inc. (Aug. 7, 1998), Williams App. No. WM-98-004, unreported. This case involved a complete lack of notice to the employer's representative because the notice never was mailed to the correct representative. The mailbox rule presumption does not apply in this case, and DaimlerChrysler does not have to meet the test to rebut the presumption. Once the correct representative, Eastman Smith, Ltd., was in receipt of the order, because it obtained actual knowledge of the order, the time for appeal began to run and Eastman Smith, Ltd., as the correct representative, could file an appeal directly to the Lucas County Court of Common Pleas. See, Burnside v. Hilltop BasicResources, Inc. (Jul. 15, 1992), Clark App. No. 2896, unreported; see, also, Hendrickson v. ANR Freight Systems, Inc. (Aug. 1, 1990), Hamilton App. No. C- 890332, unreported; and R.C. 4123.512. Accordingly, we find DaimlerChrysler's sole assignment of error is well-taken.
The judgment of the Lucas County Court of Common Pleas is reversed. This case is remanded for further proceedings consistent with this decision. Boykin is ordered to pay the court costs of this appeal.
 JUDGMENT REVERSED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Peter M. Handwork, J.
Melvin L. Resnick, J., Richard W. Knepper, J., JUDGES CONCUR.