JOURNAL ENTRY AND OPINION
The appellant, Larry E. Rogers, appeals the decision of the trial court in overruling his objections to the magistrate's decision of March 6, 2000. This decision centered on the trial court's order forcing a financial institution to liquidate appellant's IRA account and distributing the proceeds to the court. Appellant initially appealed the decision to this court on June 30, 2000. It was subsequently dismissed on August 29, 2000 for failure to file the record. The appellant, correcting this omission, then filed a motion for reconsideration, which this court granted on September 13, 2000. Upon review of the case now before this court, we affirm the decision of the trial court.
On January 6, 1999, the appellant, the former CEO and President of the now-solvent P.I.E. Mutual Insurance Company (PIE), entered into an agreed judgment in Franklin County Common Pleas Court for $3,529,802.81 in favor of the appellee, the liquidator of PIE, as a result of appellant's failure to make a scheduled payment of $1.5 million pursuant to a settlement agreement.
On January 19, 1999, the appellee transferred the judgment to the Cleveland Municipal Court for collection purposes. That same day, the appellee filed a "garnishment other than for personal earnings" which specified account searches at five different financial institutions. In response to this search, Morgan Stanley Dean Witter put a hold on the appellant's IRA account held with their institution.
Because the appellant failed to timely request a hearing on the attachment of his IRA account, the Cleveland Municipal Court issued a pay-in order on April 20, 1999. The pay-in order directed Morgan Stanley Dean Witter to liquidate the appellant's IRA account and deposit the proceeds with the Clerk of the Cleveland Municipal Court.
Following this action of the court, the appellant filed a myriad of motions. Appellant's motions discussed the alleged failure by the appellee to file a praecipe with the Clerk of the Cleveland Municipal Court with instructions to issue the appellant the appropriate notice and hearing request form.
This matter went before a magistrate who determined that the affidavit and order and notice of garnishment of property other than personal earnings and answer of garnishee currently in use by the Cleveland Municipal Court contains the prerequisite praecipe mandated by R.C.2716.13(C)(1). The magistrate found the assertion of appellant's counsel that he never received service non-persuasive and denied appellant's motion to dismiss and/or strike the garnishment affidavit and garnishment order served upon Morgan Stanley Dean Witter. Appellant subsequently filed objections to the magistrate's decision, which were denied by the court.
The appellant now appeals and asserts the following three assignments of error:
 I. THE TRIAL COURT ERRED IN HOLDING THAT APPELLANT HAS THE BURDEN OF PROOF TO DEMONSTRATE FAILURE OF SERVICE OF THE GARNISHMENT NOTICE WHEN IT DENIED APPELLANT'S MOTION TO DISMISS AND/OR STRIKE GARNISHMENT AFFIDAVIT AND GARNISHMENT ORDER SERVED UPON MORGAN STANLEY DEAN WITTER.
 II. THE TRIAL COURT ERRED IN DENYING APPELLANT'S MOTION TO DISMISS AND/OR STRIKE GARNISHMENT AFFIDAVIT AND GARNISHMENT ORDER SERVED UPON MORGAN STANLEY DEAN WITTER.
 III. THE TRIAL COURT ERRED IN GRANTING APPELLEE'S MOTION TO ENFORCE PAY-IN-ORDER.
Since appellant's three assignments of error are sufficiently related, for purposes of review, all assignments of error will be addressed as one.
When dealing with the issue of service/notice, there is a rebuttable presumption that a letter which is mailed is presumed to be received in due course. Future Communications Inc. v. Hightower (Aug. 26, 1997), Franklin App. No. 97APE01-27, unreported, citing Cantrell v. Celotex Corp. (1995), 105 Ohio App.3d 90. Similarly, when ordinary mail service is not returned indicating failure of delivery, there is a rebuttable presumption of proper service. Hightower, supra, citing Grant v. Ivy (1980), 69 Ohio App.2d 40.
In this case, the "affidavit and order and notice of garnishment of property other than personal earnings and answer of garnishee" that was submitted to the clerk's office contains the praecipe as required in R.C. 2716.13(C)(1). The form states:
 TO THE BAILIFF OF SAID COURT-GREETING You are commanded to serve upon the garnishee three copies of the following court order and notice of garnishment and answer of garnishee.
 Also serve upon the judgment debtor two copies of the notice to judgment debtor and a request for hearing card.
Further, the address used by the Clerk's office is the address listed for the appellant's residence and is the same as listed by the appellant in all other matters dealing with this case. The court's journal also states that same address, and the appellant states his residence at the same location in his affidavit attached to his objection to the magistrate's decision.
The appellant also filed a motion to release individual retirement accounts from garnishment in which he failed to raise the argument that he did not receive proper notice.
In light of the court's rebuttable presumption of service, the appellant's failure to raise this issue in its subsequent motions, and his failure to produce evidence to the contrary, this court cannot find that the trial court erred when it found proper service and therefore denied the appellant's motion to dismiss and/or strike garnishment affidavit and garnishment order served upon Morgan Stanley Dean Witter.
Upon this court's decision that the trial court did not err in finding proper notice upon the appellant, we must conclude that the trial court's subsequent enforcement of the pay-in order is proper.
Judgment affirmed.
It is ordered that appellee recover of appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cleveland Municipal Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
DIANE KARPINSKI, A.J., AND TERRENCE O'DONNELL, J., CONCUR.