JOURNAL ENTRY AND OPINION
{¶ 1} The appellant, Gail A. Harden, appeals from the judgment of the Cuyahoga County Court of Common Pleas, Civil Division, which granted appellee's, Tony M. Winthrop, motion for summary judgment. Having reviewed the record of the proceedings and the legal arguments presented by the parties, we affirm the decision of the lower court.
 {¶ 2} The instant matter stems from a relationship between Harden and Winthrop, which allegedly began in 1971 and continued through 1994 when the relationship came to an end. Winthrop moved out of the Alder Avenue residence, which the two had been sharing, although it was titled exclusively in his name.
 {¶ 3} In March of 2000, Winthrop filed a complaint for declaratory judgment seeking a determination that Harden was not his common-law wife. He claimed it had come to his attention that she was holding herself out as his wife, utilizing his name, and possibly besmirching his credit history. Harden answered and filed a third-party complaint against Bernadine Edwards.[1]
 {¶ 4} A review of the record indicates that the parties had never been married ceremonially, nor had they ever claimed to be married on any type of government document such as a tax return or a social service form.
 {¶ 5} On April 2, 2001, Winthrop filed a motion for summary judgment on the basis that he was not Harden's common-law husband and seeking to enjoin her from holding herself out as such. Harden never responded to Winthrop's motion for summary judgment, and on May 14, 2001, the lower court's order granting Winthrop's motion was journalized. Specifically, the lower court's order stated:
 {¶ 6} "Plaintiff's Motion for Summary Judgment filed 4-2-01 is granted. The court hereby finds and declares that Plaintiff Tony Winthrop and Gail Harden are not and have never been husband and wife. The Defendant is permanently restrained from representing herself as being or ever having been Plaintiff's wife. The Defendant Gail Harden is permanently enjoined from asserting any claim or any right or benefit against or from Plaintiff or from his property tangible, intangible, muted or otherwise. Costs to Defendant."
 {¶ 7} It is from this order that Harden appeals, asserting four assignments of error for this court's review:
 {¶ 8} "I. THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT IN THE FACE OF NOTICE FROM THE APPELLANT'S COUNSEL THAT HE HAD NOT RECEIVED A COPY OF THE MOTION FOR SUMMARY JUDGMENT AND IN FURTHER DENYING APPELLANT'S 60(B) MOTION IN THE FACE OF THE FAILURE OF SERVICE."
 {¶ 9} "II. THE TRIAL COURT ERRED IN ASSUMING JURISDICTION OVER THE ISSUE OF THE EXISTENCE OF COMMON-LAW MARRIAGE."[2]
 {¶ 10} "III. THE TRIAL COURT ERRED IN FAILING TO PROVIDE NOTICE OF HEARING."
 {¶ 11} "IV. THE TRIAL COURT ERRED IN NOT GRANTING APPELLANT'S 60(B) MOTION."
 {¶ 12} For the following reasons, the appellant's appeal is not well taken.
 {¶ 13} The appellant argues that her counsel did not receive a copy of the appellee's motion for summary judgment; therefore, the lower court erred in granting said motion without the benefit of a brief in opposition on behalf of the appellant.
 {¶ 14} It is axiomatic that a motion for summary judgment shall only be granted when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Summary judgment shall not be granted unless it appears from the evidence that reasonable minds could come to but one conclusion and that conclusion is adverse to the party against whom the motion is made. Temple United,Inc. v. Wean (1977), 50 Ohio St.2d 317.
 {¶ 15} Under Civ.R. 56, the burden of establishing that material facts are not in dispute and that no genuine issue of fact exists is on the party moving for summary judgment. Harless v. Willis Day WarehousingCo. (1978), 54 Ohio St.2d 64. However, in that Civ.R. 56(E) requires that a party set forth specific facts showing that there is a genuine issue for trial, such party must so perform if he is to avoid summary judgment. Van Fossen v. Babcock Wilcox Co. (1988), 36 Ohio St.3d 100, paragraph seven of the syllabus.
 {¶ 16} Where, as here, there is no hearing scheduled on a pending summary judgment motion, the time within which a party must file a brief in opposition to the motion is determined by consulting the applicable local court rules. See, 1 Baldwin's Ohio Civil Practice, 1988, Text 25.04(D)(4)(b). Loc.R. 11 of the Court of Common Pleas of Cuyahoga County, General Division, governs the time in which a party must file its opposition to a motion for summary judgment. It provides in relevant part:
 {¶ 17} "(I) Unless otherwise ordered by the Court, motions for summary judgment shall be heard on briefs and other materials authorized by Civil Rule 56(C) without oral arguments. The adverse party may file a brief in opposition with accompanying motions, within thirty (30) days after service of the motion."
 {¶ 18} In the case at hand, the appellant failed to file a brief in opposition to the appellee's motion for summary judgment. She argues that the lower court erred in granting the appellee's motion for summary judgment because she never received a copy of said motion. In addition to failing to respond to appellee's motion for summary judgment, the record reflects counsel for the appellant failed to appear for a motion to compel hearing on May 11, 2001, which was requested by the appellant. Specifically, the lower court's entry of May 14, 2001, states:
 {¶ 19} "Case called on Defendant's Motion to Compel. Motion dismissed as Defendant's counsel failed to appear, AGAIN. Defendant having failed to appear or comply with orders of this court, his [sic] Third Party complaint is dismissed."
 {¶ 20} As such, it would appear that the appellant failed on numerous occasions to fully comply with orders or court appearances. "* * * Parties are expected to keep themselves informed of the progress of their case." State Farm Mut. Auto. Ins. Co. v. Peller (1989), 63 Ohio App.3d 357. Therefore, plaintiff had a duty to check the docket * * *." Hershbain v. Cleveland (June 4, 1992), Cuyahoga App. Nos. 60631, 61121.
 {¶ 21} When dealing with the issue of service/notice, there is a rebuttable presumption that a letter which is mailed is presumed to be received in due course. Future Communications Inc. v. Hightower (Aug. 26, 1997), Franklin App. No. 97APE01-27, citing Cantrell v. CelotexCorp. (1995), 105 Ohio App.3d 90. Similarly, when ordinary mail service is not returned indicating failure of delivery, there is a rebuttable presumption of proper service. Hightower, supra, citing Grant v. Ivy
(1980), 69 Ohio App.2d 40.
 {¶ 22} In order to overcome the presumption of proper service, the appellant must present evidence to the contrary. In reviewing the record, the only evidence proffered on behalf of the appellant is a statement by her counsel and an affidavit from the wife of appellant's counsel stating that in three separate cases, counsel has failed to receive notice via regular mail. These statements are intriguing in that counsel for the appellant should have been on notice to the apparent failure of regular mail delivery, and, therefore, should have taken the necessary steps to stay apprised of the court's actions via a regular review of the court's docketing system. The appellee is under no duty to investigate and ensure that counsel for the appellant received correspondence sent via regular mail. As such, this court can only conclude that there is no compelling evidence proffered on behalf of the appellant to overcome the presumption of proper service.
 {¶ 23} Next, turning to the issue of the common-law marriage, common-law marriages are not favored in Ohio, but are recognized as legal if certain elements or circumstances are found to be present. LawrenceR.R. Co. v. Cobb (1878), 35 Ohio St. 94; Umbenhower v. Labus (1912),85 Ohio St. 238. A valid marriage at common law is established where there is "an agreement of marriage in praesenti when made by parties competent to contract, accompanied and followed by cohabitation as husband and wife, they being so treated and reputed in the community and circle in which they move, establishes a valid marriage at common law * * *." Id. at syllabus.
 {¶ 24} All of the essential elements of a common-law marriage must be proven by clear and convincing evidence. Markley v. Hudson (1944),143 Ohio St. 163. The most essential element of a common-law marriage is the agreement to marry in praesenti, and its absence precludes the establishment of such a relationship, even though the parties lived together and openly engaged in cohabitation. Nestor v. Nestor (1984),15 Ohio St.3d 143, 146. This element is present where there is a meeting of the minds between the parties that they are presently and mutually contracting to take each other as man and wife. See, Markley v. Hudson, supra.
 {¶ 25} The agreement to marry in praesenti may be proven in one of two ways. First, there may be direct evidence of an agreement. Second, the agreement may be demonstrated by proof of cohabitation, acts, declarations, the conduct of the parties, and the recognized status in the community in which they live. Markley v. Hudson, supra, at 169. If there is no direct evidence, an inference of marriage is raised by testimony of cohabitation and reputation in the community. The stronger this evidence is, the stronger is the inference. Nestor v. Nestor
(1984), 15 Ohio St.3d 143, 146.
 {¶ 26} The Nestor court went on to say that all of the essential elements of a common-law marriage had to be established by clear and convincing evidence. Id. Even if a party proves cohabitation and reputation, the lack of an agreement of marriage in praesenti will be fatal to any claim that there is a common-law marriage. Id.
 {¶ 27} The appellant attempts to craft her argument in support of a common-law marriage on the basis that she is the mother of Winthrop's son. This alone does not satisfy the elements of a common-law marriage, nor does it have any substantive bearing on the common-law marriage analysis. Turning to the elements of the common-law marriage, common law is established where there is an agreement of marriage in praesenti when made by parties competent to contract, accompanied and followed by cohabitation as husband and wife, they being so treated and reputed in the community and circle in which they move, establishes a valid marriage at common law. Lawrence RR. Co. v. Cobb (1878), 35 Ohio St. 94 at syllabus.
 {¶ 28} In reviewing the record, it is clear that the lower court was correct in granting appellee's motion for summary judgment and declaring that the parties are not and have never been husband and wife. First, the parties never had an agreement of marriage in praesenti. Specifically, the appellant testified in her deposition that she does not remember the parties having a conversation or discussing that they are married, nor can she specify the manner in which the parties declared their intention to be married. Additionally, the appellant has consistently utilized her status as "single" in filing tax returns, Section 8 Housing assistance, employment forms, and bankruptcy forms. As recently as September 20, 2000, the appellant declared her status as "single" in completing her employment forms with the Cuyahoga County Children and Family Services Department. Last, the appellee has consistently stated that he never considered himself married to the appellant, nor has he ever wanted to marry the appellant. "The fundamental requirement to establish the existence of a common law marriage is a meeting of the minds between the parties who enter into a mutual contract to presently take each other as husband and wife." Nestor v. Nestor
(1984), 15 Ohio St.3d 143.
 {¶ 29} As no direct evidence exists to prove an agreement of marriage in praesenti, this court must turn to other circumstantial evidence to demonstrate that such an agreement was in existence. Granted, the parties cohabitated on and off for over eighteen years, but this alone does not satisfy the requirements of a marriage at common-law. Moreover, in this day and age, the cohabitation of two "single" persons in a relationship is not out of the ordinary, nor is it unusual in anyway.
 {¶ 30} Next, did the parties make declarations or was there conduct which would cause the parties involved to be recognized as married in the local community? Outside the fact that the parties lived together, there is no evidence which would cause this court to believe that the lower court abused its discretion in declaring that the parties were never involved in a common-law marriage and estopping the appellant from holding herself out as the appellee's wife. The appellant repeatedly relies on the fact that the parties are the birth parents of a son, but as stated previously, this alone does not satisfy the elements of a common-law marriage.
 {¶ 31} Further, the appellant has not presented any type of evidence which would raise the inference that a common-law marriage existed between the parties. The appellant offers no testimony or other evidence outside of her own self-serving statements that would lead this court to conclude that a common-law marriage existed between the parties. In reviewing the evidence, this court can only conclude that no common-law marriage existed since the appellant repeatedly held herself out as "single" in the community, the parties did not execute any type of agreement of marriage in praesenti. The record is replete with instances of the appellant representing herself as "single" and often benefitting from her status as a "single" person.
 {¶ 32} We find no type of inference which could persuade this court as to the existence of a common-law relationship. In conclusion, there is no evidence in the record which could lead this court to believe that the parties entered into an agreement to live as common-law husband and wife. It is abundantly clear that there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law. Summary judgment shall not be granted unless it appears from the evidence that reasonable minds could come to but one conclusion and that conclusion is adverse to the party against whom the motion is made.Temple United, Inc. v. Wean (1977), 50 Ohio St.2d 317.
 {¶ 33} Therefore, since this court has determined that the appellant has failed to establish by clear and convincing evidence that a common-law marriage existed between the parties, the appellant's appeal is not well taken.
Judgment affirmed.
PATRICIA A. BLACKMON, P.J., AND ANNE L. KILBANE, J., CONCUR.
KEY WORDS:
Motion(S), Summary Judgment; Husband And Wife; Common-Law Marriage; Courts, Court Procedure, Common Pleas
[1] Edwards had purchased the Alder Avenue home from Winthrop.
[2] Under R.C. 3105.011. Determination of all domestic relationsmatters. The court of common pleas including divisions of courts ofdomestic relations, has full equitable powers and jurisdictionappropriate to the determination of all domestic relations matters. * * *. (Emphasis added). As such, the trial court retained jurisdiction to entertain the instant matter.