THE STATE EX REL. YORK INTERNATIONAL CORPORATION, APPELLANT,
*v.* INDUSTRIAL COMMISSION OF OHIO ET AL., APPELLEES.

[Cite as *State ex rel. York Internatl. Corp. v. Indus.*
*Comm.*, 107 Ohio St.3d 421, 2006-Ohio-17.]

(No. 2004–1286—Submitted July 26, 2005—Decided January 18, 2006.)

---

Per Curiam.

{¶ 1} This is an employer's appeal from the denial of mandamus on grounds of lack of notice of a workers' compensation order.

{¶ 2} Appellee, Robert Delaney, worked in the same plant in Elyria for over 25 years. During that time, the plant changed ownership, the facility was expanded,

and a new road was created for ingress to the grounds. When Delaney began working there around 1970, the plant was owned by Luxaire, Inc. On July 1, 1981, Borg–Warner, the parent company of appellant, York International Corporation, acquired all of Luxaire's assets, including the Elyria plant. During his years at the plant, Delaney had several workers' compensation claims. A 1979 foot contusion was minor and is not relevant to this appeal. In June 1981, three weeks after York's acquisition of the plant, Delaney injured his back. This injury was much more serious, with extensive temporary total disability ("TTD") benefits paid, followed by an assessment of 35 percent permanent partial disability ("PPD"). Delaney's 1986 claim with York was also for a back injury, which resulted in a period of TTD and an assessment of 20 percent PPD.

{¶ 3} Delaney eventually moved appellee Industrial Commission of Ohio for permanent total disability compensation ("PTD"), based on his two back claims. Although Delaney listed his employer as "York International," the commission sent the hearing notice only to "York–Luxaire, Inc."[1] and to a third-party administrator, Gates McDonald & Company. York was not notified.

{¶ 4} Based on Delaney's medical evidence and his nonmedical disability factors, the commission awarded PTD, splitting the payment responsibility evenly between Luxaire and York–Luxaire. This time the order was mailed exclusively to Luxaire.

{¶ 5} Luxaire, who was also represented by Gates McDonald, asked the commission to reconsider the allocation, since no impairment was attributable to the 1979 Luxaire foot claim. The commission realized its error, and on March, 1, 1995, issued a "corrected order" that reallocated the award equally between York–Luxaire and York. Again, that order was sent only to Luxaire.

{¶ 6} On May 18, 1995, Gates McDonald, which represented York, wrote to the Bureau of Workers' Compensation:

{¶ 7} "Our office is in receipt of the attached notice from the DWRF [Disabled Workers' Relief Fund] section that states that this injured worker has been declared permanently and totally disabled by the Industrial Commission.

{¶ 8} "Please be advised that our records do not indicate that York International, Risk 3602, has ever been notified of any PTD hearings in for [sic] this claimant. If there has been a determination of PTD it has not gone through the proper channels nor was proper notification of hearing been provided [sic] to the

---

1. Whether the Elyria plant ever operated under the ownership of "York–Luxaire, Inc." is unclear. The hearing notice was sent to an address on Filbert Street, which was apparently the plant's address at one time before York expanded the facility and created a new road for entering the grounds. Apparently, that new road became the plant's new address, although the facility never moved.

employer. The employer does not recognize that this claimant is PTD in this claim or entitled to PTD compensation in this claim."

{¶ 9} On July 3, 1995, the commission issued a "corrected order revised" that repeated the allocation in the corrected order issued four months before and affirmed the grant of PTD benefits with a brief explanation. This order was sent to York. York did not respond.

{¶ 10} For the next four years, self-insured York paid PTD without objection. On August 31, 1999, York moved the commission to vacate its corrected and corrected revised orders, citing the lack of notice of the PTD hearing, the resulting PTD order, or the first corrected order. At the hearing that followed, there was considerable debate as to why York had waited four years to seek relief from the PTD assessment against it. After being pressed, York finally responded that it "did not pay attention" and decided to act only after the amount expended became significant.

{¶ 11} A commission staff hearing officer vacated the 1994 PTD order and both corrected orders and reset Delaney's PTD application for hearing. Delaney appealed to the commission and ultimately prevailed. The commission ordered the prior orders reinstated after finding that York's cause of action was barred by laches. The commission found that York's explanation for the four-year delay was unacceptable, particularly considering that York was self-insured and responsible for monitoring its own claims. The commission also determined that Delaney would be materially prejudiced:

{¶ 12} "The final requirement for a finding of laches is that the opposing party be unfairly prejudiced by the delay. The only proper relief available to York International, if not barred by laches, would be to rehear the permanent total disability application. If this were done, this now 69–year–old injured worker has potentially lost eight years of time in which to seek vocational remediation. York International's delay has limited the injured worker's vocational options prejudicing both the injured worker and the administrator. Furthermore, the passage of time has hindered the ability of any party to obtain reliable evidence in support of its position. The unfair prejudice is obvious."

{¶ 13} York filed a complaint in mandamus in the Court of Appeals for Franklin County, alleging that the commission had abused its discretion. The court of appeals denied the writ, citing both laches and the availability of an adequate remedy at law pursuant to R.C. 4123.522 that York did not pursue.

{¶ 14} This cause is now before this court on an appeal as of right.

{¶ 15} At issue is R.C. 4123.522, which entitles an employer to written notice of "any hearing, determination, order, award, or decision." This requirement, of

course, derives from due process, and where notice has been compromised, so, too, have the aggrieved party's due process rights.

{¶ 16} York did not get written notice of the PTD hearing, nor did it receive the August 4, 1994 and March 1, 1995 orders that followed. Delaney claims that York had notice nonetheless, because all employers used the same third-party administrator—Gates McDonald—and a Gates McDonald representative was present at the 1994 PTD hearing. This assertion lacks merit for two reasons.

{¶ 17} First, contrary to Delaney's suggestion, Luxaire and York are not a single entity distinguishable only by name. They are separate entities with separate interests to protect, notwithstanding their common actuarial representative. Luxaire and York are both self-insured, so a single representative could not fairly represent the best interests of both on the same claim.

{¶ 18} Second, unrebutted affidavits establish that the Gates McDonald representative present at the PTD hearing was not there on York's behalf. Coupled with the commission's failure to send any of the disputed documents to York, York has safely established that it did not receive the notice demanded by R.C. 4123.522.

{¶ 19} R.C. 4123.522 also has a saving provision. Upon discovering that it did not receive notice, a party can petition the commission for relief. The commission will then determine whether the failure to receive notice (1) was beyond the control of and without fault of the aggrieved party and (2) was not ameliorated by any actual knowledge that the party may have had of the information contained within the notice. Once the commission finds that these criteria have been satisfied, the party may "take the action afforded such person," most commonly, the belated right to appeal, within 21 days.

{¶ 20} The saving provision creates "an administrative remedy for a party claiming a failure of notice." *Cantrell v. Celotex Corp.* (1995), 105 Ohio App.3d 90, 94, 663 N.E.2d 708. The availability of an adequate administrative remedy constitutes a plain and adequate remedy at law that forecloses mandamus relief. *State ex rel. Buckley v. Indus. Comm.,* 100 Ohio St.3d 68, 2003-Ohio-5072, 796 N.E.2d 522, ¶ 13. York did not seek relief under R.C. 4123.522. It cannot persuasively deny its failure, but instead seems to suggest that this failure be excused, either because of the type of order involved or because due process is involved. A party seeking the extraordinary relief of mandamus cannot be relieved of the burden of proving the elements necessary for granting the writ. Mandamus cannot issue in the presence of a plain and adequate remedy at law. York refused to avail itself of that remedy. Mandamus is, therefore, foreclosed regardless of the character of the order or underlying issue in dispute.

{¶ 21} The judgment of the court of appeals is affirmed.

Judgment affirmed.

MOYER, C.J., RESNICK, LUNDBERG STRATTON, O'CONNOR, O'DONNELL and LANZING-ER, JJ., concur.

PFEIFER, J., concurs separately.

---

**PFEIFER, J., concurring.**

{¶ 22} I agree with the majority opinion. I write only to point out that Gates McDonald & Company's representation in the underlying case is a reflection of the type of ethical anarchy this court tacitly approved in *Cleveland Bar Assn. v. CompManagement, Inc.*, 104 Ohio St.3d 168, 2004-Ohio-6506, 818 N.E.2d 1181. In *CompManagement*, this court found that third-party administrators that represent employers before the Industrial Commission are not engaged in the unauthorized practice of law. Id. at syllabus. Good for Gates McDonald. Exempt from the ethical constraints of the legal profession's Code of Professional Responsibility, this firm was able to represent one client against another client's interest without obtaining a waiver regarding that conflict and then claim that the second client had no knowledge of the hearing that its representative had attended. And Gates McDonald will never have to answer to this court for any ethical shortcomings in its representation of clients. Nice work if you can get it.

---

Buckley King, L.P.A., Michael J. Spisak, Theodore M. Dunn Jr., and Harold R. Rauzi, for appellant.

Esther S. Weissman Co., L.P.A., and Esther S. Weissman, for appellee Robert Delaney.

Jim Petro, Attorney General, and Dennis H. Behm, Assistant Attorney General, for appellee Industrial Commission.