Young, Appellee, *v.* Bd. of Review, Dept. of State Personnel, Appellant,

[Cite as Young v. Bd. of Review, 9 Ohio App. 2d 25.]

(No. 317—Decided January 4, 1967.)

*Mr. John W. Dailey, Jr.,* for appellee.

*Mr. William B. Saxbe,* attorney general, and *Mr. William M. Hoiles,* for appellant.

GUERNSEY, J.   Gilbert Young was employed as a watchman at the Scioto Village Girls' School.   On April 9, 1965, he was removed from this position on the alleged grounds of failure of good behavior and malfeasance.   From this decision Young appealed to the Board of Review, Department of State Personnel (hereinafter called the board), which apparently affirmed the decision of removal.   On June 7, 1965, Young filed his appeal to the Common Pleas Court of Union County.   Before that court rendered a decision on the merits, Young filed a motion to reverse and vacate the decision of the board "for the reason that the board * * * did not prepare and certify a complete record of the proceedings in this case within twenty days after receipt of notice of appeal as required by Section 119.12 of the Ohio Revised Code."   On June 1, 1966, the Common Pleas Court found that to be so and entered its judgment reversing and vacating the decision of the board and reinstating Young to his position.

By reference to the record of the proceedings in Common Pleas Court, to the professional statement of counsel for the board, and to an affidavit of the Clerk of Courts of Union County, filed by that counsel, all of which are uncontroverted by Young, the appellee in this court, it appears that on June 15, 1966, a notice of appeal by the board from the judgment of the Common Pleas Court, accompanied by a letter of counsel of that date addressed to the Clerk of Courts of Union County requesting the filing of such notice and notification to counsel that such was done, was mailed in an envelope addressed to the clerk, first class and postage paid, and postmarked June 15, 1966; that upon not receiving any notification of filing counsel for appellant inquired of the clerk on June 23, 1966, and was informed by her that she had not received the notice of appeal; and that on June 24, 1966, when counsel went to the clerk's office in search of the notice, he was advised by her upon his arrival that on "June 24, 1966 she found said correspondence under some books in her office."   The notice of appeal to this court was thereupon file-stamped as of the date found, June 24, 1966.   Prior to the hearing of this appeal on its merits, the appellee, Young, filed

his motion to dismiss the appeal for the stated reason that the notice of appeal was not timely filed, and the appeal has since been heard on its merits subject to our ruling on that motion.

Under the provisions of Section 2505.04, Revised Code, an appeal is perfected when written notice of appeal is "filed with the lower court." On the circumstances of this case, under the provisions of Section 2505.07, Revised Code, the time for filing such notice was within twenty days after entry of judgment, specifically on or before June 21, 1966. The term "filed" is fully discussed and defined in the case of *Fulton, Supt.,* v. *State, ex rel. General Motors Corp.,* 130 Ohio St. 494, and it appears therefrom that a document is filed when delivered to and received by the proper officer to be kept on file as a permanent record of his office. The notice of appeal being found by the clerk "under some books in her office," and no other explanation of its presence there appearing, the only valid conclusion is that it was delivered to and received by the clerk, and the only real dispute is as to the time of its actual delivery to and receipt by the clerk, her failure to indorse that date on the instrument or her delay in placing a file mark thereon being immaterial. 76 Corpus Juris Secundum 117, Records, Section 8. This dispute is settled by the presumption pertaining to receipt of mail, expressed in 31A Corpus Juris Secundum 297, Evidence, Section 136 d., as follows:

"The addressee of mail matter is presumed to have received it as soon as it could have been transmitted to him in the ordinary or regular course of the mails, or as it is otherwise expressed, in due course of the mails. The presumption is not easily overcome, and is reinforced where the envelope in question was actually received in the mails. * * *

"Receipt at a particular time cannot ordinarily be presumed unless there is proof of the course of the mails, or the probable time necessary for transmission, as well as of the date of mailing, except where such facts may be judicially noticed. discussed supra Section 52. * * *"

We will take judicial notice that in the ordinary course of the mails first class mail properly addressed to the Clerk of Courts of Union County, Marysville, Ohio, and mailed postage prepaid at Columbus, Ohio, a distance of approximately 33 miles from Marysville, will be received by the addressee at

Marysville in less than six days from the date of mailing; in other words, that the notice of appeal contained in such an envelope, mailed in Columbus, Ohio, on June 15, 1966, will be presumed to have been received by the Clerk of Courts of Union County on or before June 21, 1966. On this presumption, there being no evidence to rebut same, we conclude that the notice of appeal herein was timely filed.

The appellee has cited a number of cases as authority to the contrary, but each of those cases, including the holding in the *Fulton case, supra,* may be distinguished by inapplicability of the presumption by reason of evidence of actual late delivery or evidence of deposit in the mails beyond a time when the matter mailed would be timely received in the ordinary course of the mails.

Coming then to the merits of the appeal it appears that the appellant board has generally assigned error of the Common Pleas Court in sustaining the motion upon which its judgment was entered.

The sixth paragraph of Section 119.12, Revised Code, provides, among other things:

"Within twenty days after receipt of notice of appeal from an order in any case wherein a hearing is required by Sections 119.01 to 119.13, inclusive, of the Revised Code, the agency shall prepare and certify to the court a complete record of the proceedings in the case. Failure of the agency to comply within the time allowed shall, upon motion, cause the court to enter a finding in favor of the party adversely affected. * * *"

We have thoroughly examined all the documents certified by the board to the Common Pleas Court as its records in the proceedings before the board. We find the following constituting the body of an unsigned *carbon copy* of a letter dated May 25, 1965, under the apparent signature of the chairman of the board and addressed to Young:

"After careful consideration of all evidence adduced at the hearing of the appeal of Gilbert L. Young from the order of the Superintendent of Girls' School removing him from the position of 0001 Watchman, the State Personnel Board of Review *affirmed* the order of removal filed against him.

"It is hereby certified by this board that the above lan-

guage is a copy of the order entered upon its journal in this case. * * *'' (Emphasis added.)

In the notice of appeal filed by Young with the board the language of the first paragraph of this letter, above quoted, was included and referred to as the ''order of the Board of Review, Department of State Personnel, dated May 25, 1965.'' There is no other part of the record of proceedings certified to the Common Pleas Court purporting to constitute the adjudication order of the board from which the appeal to that court was taken.

The certification of an unsigned copy of a letter of the board addressed to an employee, which copy contains what purports to be an adjudication order of the board adverse to such employee, certified to be such, does not constitute the certification to the Common Pleas Court of the adjudication order, which is part of the proceedings before the board and without which the record of the proceedings would not be complete. There being no other certification of such adjudication order to Common Pleas Court, the board failed to prepare and certify thereto a complete record of the proceedings as prescribed by Section 119.12, Revised Code, and the Common Pleas Court properly sustained the motion to enter a finding in favor of Young, the employee adversely affected. See *Brockmeyer* v. *Ohio Real Estate Comm.*, 5 Ohio App. 2d 161, which decision we approve and follow in its application to the issues herein.

There being no error as assigned, the judgment of the Common Pleas Court is affirmed.

*Judgment affirmed.*

YOUNGER, P. J., and MIDDLETON, J., concur.