OPINION
Plaintiff-appellant Rickey Poole appeals from an order of the trial court awarding defendant-appellee Becker Motor Sales, Inc., attorneys fees in the amount of $8,923.73, together with interest and costs. Poole contends that the award of attorneys fees is contrary to law, and that the amount of fees awarded is excessive and unreasonable.
Upon review of the magistrate's decision, Poole's objections to that decision, and the trial court's order overruling Poole's objections, we conclude that the award of attorneys fees finds justification both pursuant to R.C. 2323.51, which provides for an award of attorneys fees reasonably necessitated as a result of frivolous conduct in litigation, and pursuant to the indemnification agreement which was part of the original in-court settlement agreement repudiated by Poole. Poole has not supplied us with a transcript. Accordingly, we presume that there is evidence in the record to support the trial court's findings, including the finding that the amount of Becker Motor Sales' attorneys fees were both reasonable and necessary. Accordingly, the judgment of the trial court is Affirmed.
 I
Poole hired Becker Motor Sales to restore his recreation vehicle. That work evidently not proceeding to his satisfaction, he brought this action against Becker Motor Sales under the Ohio "Consumer Act." During the course of a jury trial, in April, 1998, a settlement agreement was reached between the parties. In August, 1998, Becker Motor Sales moved "to enforce the terms and conditions of the settlement agreement as recorded by this Court on April 21, 1998."
The trial court referred the matter to a magistrate, who held a hearing. The magistrate found that Poole had agreed, through his counsel, to a settlement agreement whereby each party agreed to release all claims against the other. Poole had subsequently brought an action alleging racial discrimination against Becker Motor Sales. The magistrate found that any claim he might have had against Becker Motor Sales had been released pursuant to his settlement agreement in his earlier action against Becker Motor Sales.
Poole filed objections to the magistrate's decision, the trial court overruled his objections, and the trial court entered a judgment enforcing the settlement agreement. Poole appealed from that judgment. We affirmed. Poole v. Becker Motor Sales, Inc. (Nov. 24, 1999), Montgomery App. No. 17833, unreported.
Becker Motor Sales then applied for an award of attorneys fees. Becker sought attorneys fees both upon the ground that Poole's attempt to repudiate the general release in his settlement agreement was frivolous, thereby implicating R.C. 2323.51, which provides for the award of attorneys fees reasonably necessitated by an adverse litigant's frivolous and unwarranted conduct, and also upon the basis that the settlement agreement in this case expressly required Poole to indemnify Becker Motor Sales for any costs and attorneys fees necessitated by any further claim, action or other proceeding in connection with the same transaction.
The matter was heard before a magistrate, who found the application for attorneys fees well-taken, and awarded $8,923.73 as reasonable attorneys fees, together with interest and costs. Poole objected to this decision.
Becker Motor Sales moved to strike Poole's objections upon the ground that they were not timely filed. The trial court overruled the motion to strike the objections, but also overruled the objections. The trial court's reasoning in overruling the objections to the magistrate's decision is worth setting forth in full:
 Plaintiff asserts that he had no notice of the scheduling of a subsequent damages hearing. While it is true that the first Order or notice was served upon Plaintiff's original counsel, Ronald L. Burdge, who was no longer representing the Plaintiff in this matter, the Magistrate's office corrected the error and proper notice was then served on Aaron Durden, Plaintiff's current counsel, through ordinary mail. There is a "presumption pertaining to receipt of mail, expressed in 31A C.J.S. Evidence s 136 d, p. 297, as follows: `The addressee of mail matter is presumed to have received it as soon as it could have been transmitted to him in the ordinary or regular course of the mails, or as it is otherwise expressed, in due course of the mails. The presumption is not easily overcome, and is reinforced where the envelope in question was actually received in the mails. * * *'" (Quotations omitted.) Young v. Bd. of Review, Dept. of State Personnel (1967), 9 Ohio App.2d 25, 27. "The presumption may be rebutted by sufficient evidence to the contrary." Potter v. Troy (1992), 78 Ohio App.3d 372.
 In the case sub judice, the Plaintiff has not rebutted the presumption of proper notice with evidence to the contrary. There is no evidence by affidavit or sworn testimony in the record before this Court indicating that the Plaintiff did not receive the notice prior to the hearing. The record states that notice about the hearing was mailed to Plaintiff's counsel on February 28, 2000, providing over one month's notice. Furthermore, Plaintiff is not prejudiced by this failure to appear at said hearing because he fails to address the Magistrate's findings regarding the award of attorney fees through the enforceable settlement agreement. Therefore, this Court concludes that proper notice of the hearing was effectuated upon Plaintiff through Plaintiff's counsel. Plaintiff also asserts that the Magistrate failed to determine that Plaintiff's conduct in the ongoing efforts of his subsequent litigation were frivolous, precluding the application of R.C. 2323.51, and thus the award of attorney fees violates the "American Rule." "R.C. 2323.51
provides that the trial court may award attorney fees only after conducting a hearing that allows the parties to present evidence in support or opposition to such award; it is essential that the trial court conduct a hearing in order to make a factual determination of whether there existed frivolous conduct and whether the party bringing the motion was adversely affected by such conduct." Shaffer v. Mease
(1991), 66 Ohio App.3d 400, 409. "`The general rule in Ohio is that, absent a statutory provision allowing attorney fees as costs, the prevailing party is not entitled to an award of attorney fees unless the party against whom the fees are taxed was found to have acted in bad faith. See Sorin v. Bd. of Edn. (1976), 46 Ohio St.2d 177; State ex rel. Grosser v. Boy
(1976), 46 Ohio St.2d 184.'" State ex rel. Kabatek v. Stackhouse (1983), 6 Ohio St.3d 55, 55-56, quoting State, ex rel. Crockett v. Robinson (1981), 67 Ohio St.2d 363,369. This is otherwise known as the "American Rule."
This Court disagrees with the Plaintiff and finds that the Magistrate clearly stated that Plaintiff's conduct was frivolous and unwarranted. The Magistrate stated in her decision, "Additionally, the Defendant is pursuing costs and fees pursuant to R.C. 2323.51 because the basis of Plaintiff's objections and appeal were not warranted under existing law and no argument was ever made that the law should be reversed, extended or modified." The Magistrate's decision was based on the previous finding that the enforced settlement agreement prevented further claims in connection with these proceedings by the Plaintiff. As the Magistrate found Plaintiff's conduct to be frivolous, Defendant Becker is entitled to attorney fees under R.C. 2323.51, and does not violate the "American Rule."
Furthermore, Defendant Becker is entitled to attorney fees under the settlement agreement. The law of Ohio favors the resolution of suits through settlement and compromise. See Spercel v. Sterling Industries
(1972), 31 Ohio St.2d 36. As stated in the Spercel decision, a settlement agreement has the same binding effect as any other contract.Id. at 39. The Magistrate noted the Court has already found Plaintiff indefault of the settlement agreement, which was confirmed by the Court ofAppeals, and that said agreement "required the Plaintiff to indemnify theDefendant for costs including attorney fees if the Plaintiff pursued anyfurther claim, action, or other proceeding in connection with these sameproceedings, and these fees were in fact incurred as a result ofadditional action filed by the Plaintiff." All attorney fees have beenfound to be reasonable and in connection with the above mentionedsettlement agreement. The Magistrate correctly found this action to bein violation of the settlement agreement, thus warranting the award ofattorney fees to Defendant Becker.
The trial court overruled the objections, and awarded Becker Motor Sales attorneys fees $8,923.73, together with interest and costs. From that order, Poole appeals.
 II
Poole's First Assignment of Error is as follows:
 THE TRIAL COURT ERRED IN UPHOLDING THE ASSESSMENT OF ATTORNEY FEES AND COSTS TO PLAINTIFF IN ITS JUNE 27, 2000 JUDGMENT ENTRY.
In connection with this assignment of error, Poole argues "that he had legal and reasonable grounds to dispute the terms of the release at issue," and that: "It is noteworthy that a portion of that decision involved a credibility determination as to whether or not Defendant [presumably meaning Plaintiff] had breached the terms of the agreement."
The magistrate found, in no uncertain terms, that the in-court agreement settling Poole's original complaint in this action included a general release for all claims that Poole had against Becker Motor Sales, from the beginning of the world to the date of the agreement. Whether there was a genuine issue of credibility concerning Poole's having entered into this in-court settlement agreement is a factual question that we cannot second-guess without a transcript of the hearing before the magistrate. Poole has not provided us with a transcript of that hearing.
As a matter of law, we agree with the proposition that the institution of litigation arising out of the same facts and circumstances that gave rise to a prior litigation, which was the subject of an in-court settlement agreement releasing all claims that the plaintiff had against defendant, is frivolous. In the absence of a transcript, Poole has failed to portray error in the trial court's finding that his commencement of a lawsuit in derogation of his general release of claims incident to a prior, in-court settlement agreement, was frivolous.
Furthermore, Poole ignores the fact that the award of attorneys fees was based, in the alternative, upon his agreement, as part of the settlement agreement, to indemnify Becker Motor Sales for any attorneys fees that might reasonably be incurred by it in the defense of any subsequent claim that Poole might make. In the absence of a transcript, we must presume that evidence was submitted to the trial court to support its finding that this agreement to indemnify Becker Motor Sales was part of the in-court settlement agreement. It provides an independent basis for the award of attorneys fees.
Poole's First Assignment of Error is overruled.
 III
Poole's Second Assignment of Error is as follows:
 THE COURT ERRED IN ASSESSING EXCESSIVE AND UNREASONABLE ATTORNEY FEES.
Poole's argument in connection with this assignment of error is difficult to follow. He seems to be arguing that Becker Motor Sales failed to prove that all the attorneys fees awarded were reasonably necessitated by Poole's frivolous conduct in repudiating the terms of the settlement agreement, and bringing a subsequent action against Becker Motor Sales alleging racial discrimination. Because we have no transcript, we must presume that Becker Motor Sales presented evidence to the trial court to support the award — specifically, that the attorneys fees awarded were reasonably necessitated by Poole's acts.
Poole then makes the following argument:
 Plaintiff contends that the Magistrate had no jurisdiction to make a finding of payment of attorney fees with respect to the earlier case (96-5284), as a different court had jurisdiction of the new case (98-2575). Plaintiff submits that the Magistrate improperly permitted Defendant to claim attorney fees associated with cases 96-5284 and 98-2575 without filing a proper claim attorney fees in the later case.
In its response, Becker Motor Sales argued as follows:
 Furthermore, Plaintiff-Appellant attempts to confuse this issue by claiming that attorney fees for work performed on Case No. 98-2575 were submitted as evidence of work performed as a result of Plaintiff's frivolous conduct in Case No. 96-5284. This is untrue. Defendant-Appellee presented to Magistrate Ballard evidentiary billing materials at the hearing. The bills contained specific descriptions of the work performed in the amount of time expended. The evidentiary billing materials were directly incurred as the result of Plaintiff-Appellant's frivolous actions after settlement in this case and not on the discrimination action which Plaintiff filed.
Again, in the absence of a transcript, we are in no position to second-guess the findings by the trial court that all of the attorneys fees for which the award was made were related to Poole's frivolous conduct in Case No. 96-5284. Again, the award was made, in the alternative, upon the trial court's finding that Poole had agreed, as part of his in-court settlement agreement in Case No. 96-5284, to indemnify Becker Motor Sales for its attorneys fees reasonably expended in defending any subsequent claim arising out of the same facts and circumstances. We see no reason why the trial court in Case No. 96-5284 could not enforce the terms of the settlement agreement entered into in that case, even though the indemnification agreement covered attorneys fees expended in connection with a subsequent case. Poole's argument is similar to his argument in the earlier appeal, in which he argued that the trial court in the earlier case had no jurisdiction to enforce a settlement agreement, in that case, releasing a claim that was the subject of a subsequent action. Poole v. Becker Motor Sales, Inc. (Nov. 24, 1999), Mont. 17833, unreported. We rejected that argument, and we also reject Poole's argument that the trial court in the first case is deprived of jurisdiction to award attorneys fees in either that case, or the subsequent case, when a claim is made the subject of a subsequent action in violation of the terms of the agreement.
Poole's Second Assignment of Error is overruled.
 IV
Both of Poole's assignments of error having been overruled, the judgment of the trial court is Affirmed.
GRADY, P.J., and KERNS, J., concur.
(Honorable Joseph D. Kerns, Retired from the Court of Appeals, Second Appellate District, Sitting by Assignment of the Chief Justice of the Supreme Court of Ohio).