OPINION
{¶ 1} Mat Van Leur appeals from the trial court's dismissal of his appeal from an order of the Ohio Real Estate Commission suspending his real estate broker's license. In his sole assignment of error, Mr. Van Leur contends the trial court erred in dismissing the appeal for lack of jurisdiction based on his failure to file a timely notice of appeal with the Ohio Department of Commerce, Division of Real Estate.
 {¶ 2} The record reflects that the Commission suspended Mr. Van Leur's license on July 9, 2003, and sent him notice of its order by certified mail the same day. On July 22, 2003, Mr. Van Leur filed a notice of appeal with the trial court. Sometime that day, he also mailed a copy to the Division of Real Estate via regular mail. The record contains a date-stamped copy of the notice of appeal indicating that the Division of Real Estate received it on July 25, 2003.
 {¶ 3} The Division of Real Estate subsequently moved to dismiss Mr. Van Leur's appeal, arguing that R.C. § 119.12
obligated him to file a notice of appeal with the agency no later than July 24, 2003, which was fifteen days after the Commission mailed him notice of its order. After holding a hearing, the trial court sustained the motion to dismiss. In so doing, it rejected Mr. Van Leur's argument that a presumption of timely delivery arose when he placed his notice of appeal in the mail.
 {¶ 4} On appeal, Mr. Van Leur does not dispute that R.C. §119.12 required him to file a notice of appeal with the Division of Real Estate no later than July 24, 2003.[1] He also recognizes that this requirement is jurisdictional. Nibert v.Ohio Dept. of Rehab. Corr., 84 Ohio St.3d 100, 1998-Ohio-506. Although the Division of Real Estate date-stamped his notice of appeal as being filed one day late on July 25, 2003, Mr. Van Leur argues that the trial court erred in failing to apply a presumption of timely delivery. He insists that such a presumption should apply because he mailed the notice of appeal early enough for the Division of Real Estate to have received it in the ordinary course of mail delivery before the fifteen-day deadline expired. Mr. Van Leur also argues that the Division of Real Estate failed to rebut the presumption of timely delivery.[2]
 {¶ 5} Upon review, we find no error in the trial court's refusal to recognize a presumption of timely delivery in this case. In Dudukovich v. Lorain Metro. Housing Auth. (1979),58 Ohio St.2d 202, the Ohio Supreme Court noted that placing a notice of appeal in the mail does not constitute "filing," which only occurs when there is "actual delivery" to the intended recipient. Id. at 204. The administrative agency in Dudukovich
admittedly had received a terminated employee's notice of appeal, but the record was devoid of evidence as to when the notice had been received. Id. at 205 n. 3. Under the facts before it, the Ohio Supreme Court applied a presumption of timely delivery, reasoning: "Here, a copy of the notice of appeal was sent by certified mail, to a destination within the same city, five days prior to the expiration of the statutory time limit. Appellant having presented no evidence of late delivery, a presumption of timely delivery controls[.]" Id. at 205.
 {¶ 6} In reaching its conclusion, the Dudukovich court adopted the reasoning of Young v. Bd. of Review (1967),9 Ohio App.2d 25. In that case, the appellant mailed a notice of appeal six days before the filing deadline. Nine days later, a court clerk file-stamped the notice of appeal after discovering it "under some books in her office." Id. at 26. On review, the Third District Court of Appeals applied a presumption of timely delivery, explaining:
 {¶ 7} "`The addressee of mail matter is presumed to have received it as soon as it could have been transmitted to him in the ordinary or regular course of the mails, or as it is otherwise expressed, in due course of the mails. The presumption is not easily overcome, and is reinforced where the envelope in question was actually received in the mails. * * *
 {¶ 8} "`Receipt at a particular time cannot ordinarily be presumed unless there is proof of the course of the mails, or the probable time necessary for transmission, as well as of the date of mailing, except where such facts may be judicially noticed[.] * * *'
 {¶ 9} "We will take judicial notice that in the ordinary course of the mails first class mail properly addressed to the Clerk of Courts of Union County, Marysville, Ohio, and mailed postage prepaid at Columbus, Ohio, a distance of approximately 33 miles, will be received by the addressee at Marysville in less than six days from the date of mailing; in other words, that the notice of appeal contained in such an envelope, mailed in Columbus, Ohio, on June 15, 1966, will be presumed to have been received by the Clerk of Courts of Union County on or before June 21, 1966. On this presumption, there being no evidence to rebut same, we conclude that the notice of appeal herein was timely filed." Id. at 27-28 (citation omitted).
 {¶ 10} The Ninth District Court of Appeals applied a similar presumption of timely delivery in Gingo v. Ohio State MedicalBd. (1989), 56 Ohio App.3d 111, a case on which Mr. Van Leur relies heavily. In Gingo, the Ohio State Medical Board date-stamped a physician's notice of appeal as being received one day after expiration of the fifteen-day time period set forth in R.C. § 119.12. The physician argued that a presumption of timely delivery arose, notwithstanding the date stamp, because he had placed the notice of appeal in the mail with sufficient time for the board to have received it before the time to file an appeal had expired. Id. at 115. On review, the Ninth District agreed, reasoning as follows:
 {¶ 11} "In the case sub judice, the doctor submitted to the trial court a series of affidavits which showed that if the mail procedures followed their usual and customary course, the notice of appeal should have been available for the board to retrieve from its mail box on September 2, 1986. If the board had picked up the notice of appeal on that date, it would have been timely filed. According to the affidavits before the trial court, the doctor mailed the notice on Friday, August 29, 1986 before 4:30 p.m. If a letter is deposited in the mail in Akron before 4:30 p.m., it will be sorted and dispatched to Columbus no later than 11:30 p.m. that same day. Upon arrival of the mail in Columbus on the following day, the mail is delivered to the board's mailroom in one of two daily deliveries, either 6:00 a.m. or 10:00 a.m. Because September 1, 1986 was Labor Day, the mail was delivered to the board's mailroom on September 2, at either 6:00 a.m. or 10:00 a.m. The board stamped as `received' Dr. Gingo's notice of appeal on September 3, 1986. Dr. Gingo attributes the September 3 time stamp to the board's habit of neglecting to retrieve its mail from the mailroom on the day it is delivered. In the instant case, all the evidence leads to the conclusion that the notice was mailed in sufficient time so as to cause it to arrive at the board's mailroom on September 2, although it may not have been picked up until September 3. Based on the ordinary mailing procedure of the post office and the facts of this case, a presumption arises that Dr. Gingo's notice of appeal was timely filed." Id. at 115-116.
 {¶ 12} Having reviewed the record, we find Dudukovich,Young, and Gingo to be distinguishable on their facts; and we conclude that Mr. Van Leur was not entitled to a presumption of timely delivery of his notice of appeal to the Division of Real Estate. In support of his argument, Mr. Van Leur contends the presumption arises whenever a notice of appeal is sent with sufficient time to be received in the ordinary course of the mails before expiration of the fifteen-day deadline. Rather than demonstrating his entitlement to relief, however, this argument merely begs the question whether his notice of appeal was
mailed promptly enough for us to presume that it was timely received.
 {¶ 13} The trial court found that the postal service delivers all mail for the Division of Real Estate to the Ohio Department of Administrative Services in the Riffe office tower in Columbus, Ohio. The mail is sorted and twice daily picked up by a courier who delivers it to the Ohio Department of Commerce in the same building. The mail is again sorted and twice daily picked up by a courier who takes it to the Division of Real Estate, which is located on the same floor. The mail is date-stamped when it is received by the Division of Real Estate. Mail for the legal department then is picked up after each delivery by Kristen Rosan. Although neither Rosan nor Ohio Department of Administrative Services employee Michael Trackler could recall Mr. Van Leur's particular notice of appeal, the trial court found "that mail is never left overnight in the mail room at the Ohio Department of Administrative Services and that there is no history of any failure to retrieve mail by the Ohio Department of Commerce or its Division of Real Estate and Professional Licensing." In addition, the trial court found no evidence that the Division of Real Estate "customarily failed to pick up its mail on the day that it was delivered." Finally, the trial court noted Mr. Van Leur's failure to establish what time on July 22, 2003, he mailed his notice of appeal or to present evidence regarding the ordinary postal service procedure for delivering mail from Vandalia to Columbus.
 {¶ 14} The foregoing facts demonstrate that the present case is distinguishable from Dudukovich, Young, and Gingo. The notice of appeal in Dudukovich was sent by certified mail to a location in the same city five days before the filing deadline, and the Ohio Supreme Court took judicial notice that it should have arrived in sufficient time for filing. Similarly, the court in Young took judicial notice that "in the ordinary course of the mails" a notice of appeal sent a distance of thirty-three miles by first class mail will be received in less than six days. In the present case, however, Mr. Van Leur mailed his notice of appeal from Vandalia sometime on Tuesday, July 22, 2003, and the Division of Real Estate stamped it as being received in its Columbus office on Friday, July 25, 2003. We are unprepared to take judicial notice that mail sent from Vandalia to Columbus necessarily should arrive in two days rather than three. The additional one-day delay is too small for us to presume with any confidence that the Division of Real Estate should have received Mr. Van Leur's notice of appeal sooner. Cf. Frasca v. State Bd.of Chiropractic Examiners (July 30, 1998), Franklin App. No. 97APE10-1387 (noting testimony that "a letter sent to Columbus from Cleveland by regular mail could reasonably take three days to arrive").
 {¶ 15} As for Gingo, the appellant in that case submitted numerous affidavits to establish that under normal postal service procedures his notice of appeal should have been received by the filing deadline. In addition, the agency in Gingo had a habit of neglecting to retrieve its mail from the mail room on the day it was delivered. In the present case, however, the record does not contain evidence as to the process for transporting and delivering mail from Vandalia to Columbus.[3] The record also does not suggest that the Division of Real Estate fails to retrieve its mail promptly or that any other delay attributable to the State resulted in tardy date-stamping of Mr. Van Leur's notice of appeal. As a result, we find no error in the trial court's refusal to apply a presumption of timely delivery.
 {¶ 16} Given that no presumption of timely delivery exits, we need not address Mr. Van Leur's contention that the Division of Real Estate cannot rebut the presumption. In his reply brief, Mr. Van Leur also stresses that a representative of the Division of Real Estate had actual knowledge of his intent to file a notice of appeal with the agency and even knew that an appeal had been filed in the trial court. He cites no authority, however, to support the proposition that an agency's knowledge of a forthcoming notice of appeal is sufficient to satisfy R.C. §119.12, and we are aware of no such authority. Accordingly, we overrule Mr. Van Leur's assignment of error and affirm the judgment of the Montgomery County Common Pleas Court.[4]
Judgment affirmed.
Fain, P.J., and Wolff, J., concur.
[1] R.C. § 119.12 provides in part: "Any party desiring to appeal shall file a notice of appeal with the agency setting forth the order appealed from and the grounds of the party's appeal. A copy of such notice of appeal shall also be filed by the appellant with the court. Unless otherwise provided by law relating to a particular agency, such notices of appeal shall be filed within fifteen days after the mailing of the agency's order as provided in this section."
[2] In addition to disputing Mr. Van Leur's arguments, the Division of Real Estate claims his appeal was subject to dismissal because he filed an original notice of appeal with the trial court and a copy with the agency, whereas R.C. § 119.12
requires filing an original with the agency and a copy with the trial court. We find no merit in this argument, which we expressly rejected in Wheat v. Bd. of Embalmers and FuneralDirectors (July 2, 1998), Montgomery App. No. 16918. In that case, we declined to read R.C. § 119.12 as requiring an original, as opposed to a copy, to be filed with an administrative agency.
[3] The only evidence related to this point is Mr. Van Leur's citation to an affidavit from his attorney, Joseph Moore, who avers that he received a letter from the Department of Commerce in two days. This isolated anecdotal evidence proves only that it is possible for mail to be delivered in two days. It provides an insufficient basis for us to presume that mail sent from Vandalia to Columbus normally should arrive in two days rather than three.
[4] Appellant's claim that he may have a viable motion for reconsideration pending in light of the dismissal of his administrative appeal to the common pleas court raises a matter that is not presently before us in this appeal.