OPINION
{¶ 1} In this case, Matt Van Leur appeals from a trial court decision dismissing his declaratory judgment action against the Ohio Department of Commerce and the Ohio Department of Real Estate (referred to collectively as either Real Estate Commission or Commission). In support of the appeal, Van Leur raises the following single assignment of error:
 {¶ 2} "I. The trial court erred as a matter of law by granting Appellee's Motion to Dismiss and denying Appellant, Matt Van Leur's Declaratory Judgment action because the Ohio Department of Commerce Division of Real Estate had and still has jurisdiction over Appellant, Matt Van Leur's Motion for Reconsideration of Appellee's Administrative Decision of July 9, 2003."
 {¶ 3} After reviewing the record and applicable law, we find the assignment of error without merit. Accordingly, the judgment of the trial court will be affirmed.
 I {¶ 4} On July 9, 2003, the Real Estate Commission suspended Mark Van Leur's real estate broker's license, after finding that Van Leur had violated R.C. 4735.18(A)(6), (A)(9), and (A)(14). These subsections of R.C. 4735.18 prohibit various types of inappropriate conduct, including "[d]ishonest or illegal dealing, gross negligence, incompetency, or misconduct," and conflicts of interest. As sanctions for Van Leur's conduct, the Commission imposed $4,500 in fines and three separate suspensions, to be served concurrently, for a total suspension time of 180 days.
 {¶ 5} Van Leur was not originally represented by counsel before the Commission, and the record does not indicate exactly when he retained counsel. Subsequently, however, Van Leur filed a motion for reconsideration with the Commission (on July 14, 2003).
 {¶ 6} Before the Commission had a chance to act on the motion for reconsideration, Van Leur "jumped the gun," by also filing an administrative appeal with the Montgomery County Common Pleas Court (on July 22, 2003). The common pleas court ultimately dismissed the administrative appeal for lack of jurisdiction, based on Van Leur's failure to comply with timeliness requirements for filing notices of appeal. Van Leur had filed a timely notice of appeal with the common pleas court. However, in order to perfect the appeal, he also had to timely file a notice of appeal with the Commission. This did not happen. Specifically, Van Leur mailed a copy of the notice of appeal to the Ohio Department of Commerce, Real Estate Division, on July 22, 2003, but the notice of appeal was time-stamped as having been received on July 25, 2003, or one day after the applicable time limit.
 {¶ 7} After the common pleas court dismissed the administrative appeal, Van Leur further appealed to our court. We agreed with the common pleas court that the failure to timely file the notice of appeal had deprived the common pleas court of jurisdiction. As a result, we affirmed the dismissal of the case. See Van Leur v. Ohio Dept. of Commerce,
Montgomery App. No. 20180, 2004-Ohio-3777, at ¶ 16.
 {¶ 8} Before we completed appellate consideration of the administrative appeal, Van Leur filed another action in the common pleas court, i.e., the present action for declaratory judgment. The alleged controversy in the declaratory judgment action was the Commission's failure to consider Van Leur's original motion for reconsideration. Notably, Van Leur did not appeal from the Commission's rejection of his motion for reconsideration. Instead, he initiated a declaratory judgment action, asking the common pleas court to order the Commission to reconsider his case.
 {¶ 9} In response, the Commission filed a motion to dismiss, contending that Van Leur failed to exhaust administrative remedies because he did not appeal from the Commission's finding that it lacked jurisdiction over the request for reconsideration. The Commission additionally argued that it could not reconsider the matter, because Van Leur's election of an administrative appeal had deprived the Commission of jurisdiction. The trial court agreed with this latter point, and granted the motion to dismiss. Van Leur then filed the present appeal with our court.
 {¶ 10} On appeal, Van Leur essentially claims that he has been unfairly deprived of an opportunity to have his case either appealed or reconsidered. More specifically, Van Leur contends that he was forced to appeal to the common pleas court because the Commission failed to act on his motion for reconsideration before the time for an administrative appeal had elapsed. This allegedly caused a procedural conundrum in which the common pleas court dismissed the administrative appeal for lack of jurisdiction, yet the Commission took no action either, claiming that the existence of an administrative appeal divested it of jurisdiction over the motion for reconsideration.
 {¶ 11} Van Leur's argument might be more convincing if his dilemma were not self-imposed. Unfortunately, Van Leur is the one who jumped the gun and tried to pursue two remedies at the same time. The law, however, requires litigants to choose from one of two remedies, either of which is perfectly adequate.
 {¶ 12} Specifically, Van Leur could have proceeded with his original motion for reconsideration before the Commission. In that situation, the Commission could have heard the motion and Van Leur could have subsequently appealed from whatever further decision the Commission made. However, Van Leur filed an appeal with the common pleas court before the Commission had a chance to rule on whether it would accept the motion for reconsideration.
 {¶ 13} During oral argument, Van Leur claimed that the Commission could not have acted on his motion before the appeal time expired, because the Commission meets only once a month. This is not a fact of record. However, even if this fact were of record, it would be irrelevant, because the Commission's failure to timely act on reconsideration could also have been appealed to the common pleas court. If the common pleas court agreed that the Commission did not comply with legal requirements, it could have remanded the matter to the Commission for further proceedings.
 {¶ 14} Van Leur's alternate remedy (in lieu of asking for reconsideration) was to appeal the Commission decision to the common pleas court. This option would have been successful if Van Leur had taken the simple step of ensuring that his notice of appeal reached the Commission by July 24, 2003, rather than July 25, 2003. In that event, the Montgomery County Common Pleas Court would have been able to consider the merits of Van Leur's administrative appeal. Unfortunately, Van Leur failed to timely file the notice of appeal with the Commission, and the trial court lost jurisdiction over the appeal. However, the loss of jurisdiction was not the fault of either the administrative agency or the court. The failure was solely attributable to Van Leur.
 {¶ 15} As we mentioned, the trial court granted the Commission's Civ. R. 12(B)(6) motion to dismiss the declaratory judgment action. We review such decisions de novo. Crestmont Cleveland Partnership v. Ohio Dept. ofHealth (2000), 139 Ohio App.3d 928, 936, 746 N.E.2d 222. This requires an "independent review of the trial court's decision, without any deference to the trial court's determination." State ex rel. AFSCMEv. Taft, 156 Ohio App.3d 37, 2004-Ohio-493, 804 N.E.2d 88, at ¶ 27.
 {¶ 16} Before a trial court may dismiss a complaint under Civ. R. 12(B)6) for failure to state a claim, "it must appear beyond doubt from the complaint that the plaintiff can prove no set of facts entitling him to recovery." O'Brien v. University Community Tenants Union, Inc.
(1975), 42 Ohio St.2d 242, 327 N.E.2d 753, syllabus. In the specific context of a declaratory judgment action, Ohio courts have held that:
 {¶ 17} "[t]here are only two reasons for dismissing a complaint for declaratory judgment before the court addresses the merits of the case: (1) there is neither a justiciable issue nor an actual controversy between the parties requiring speedy relief to preserve rights which may otherwise be lost or impaired; or (2) in accordance with R.C. 2721.07, the declaratory judgment will not terminate the uncertainty or controversy." Halley v. Ohio Co. (1995), 107 Ohio App.3d 518, 524,669 N.E.2d 70, 74-75. See, also, Burger Brewing Co. v. Liquor ControlCommission, Dept. of Liquor Control (1973), 34 Ohio St.2d 93, 97,296 N.E.2d 261.
 {¶ 18} In the present case, there is no justiciable issue, because the Commission was divested of jurisdiction over the motion for reconsideration. In this regard, R.C. 4735.19 provides that:
 {¶ 19} "[t]he Ohio real estate commission shall keep a record of its proceedings and, upon application of an interested party, or upon its own motion and notice to the interested parties, may reverse, vacate, or modify its own orders. An application to the commission to reverse, vacate, or modify an order shall be filed within fifteen days after the mailing of the notice of the order of the commission to the interested parties pursuant to section 119.09 of the Revised Code.
 {¶ 20} "Any applicant, licensee, or complainant, dissatisfied with an order of the commission may appeal in accordance with Chapter 119. of the Revised Code."
 {¶ 21} As noted, R.C. 4735.19 requires motions for reconsideration to be filed within fifteen days of an order. Likewise, R.C. 119.12, which governs administrative appeals to common pleas courts, requires notices of appeal to be filed with the agency and with the appropriate common pleas court within fifteen days after the agency mails notice of its order. The Ohio Supreme Court has stressed on numerous occasions that "when a notice of appeal from a decision of an administrative agency has been filed, the agency is divested of jurisdiction to reconsider, vacate or modify the decision unless there is express statutory language to the contrary." Lorain Educ. Assn. v. Lorain City School Dist. Bd. of Edn.
(1989), 46 Ohio St.3d 12, 15, 544 N.E.2d 687. See, also, BaltimoreRavens, Inc. v. Self-Insuring Emp. Evaluation Bd., 94 Ohio St.3d 449, 459,2002-Ohio-1369, 764 N.E.2d 418, and Hal Artz Lincoln-Mercury, Inc. v.Ford Motor Co., Lincoln-Mercury Div. (1986), 28 Ohio St.3d 20, 20-21,502 N.E.2d 590, at paragraph three of the syllabus.
 {¶ 22} R.C. 4735.19 does not contain any express statutory language indicating that the Commission retains jurisdiction after a notice of appeal has been filed. As a result, when Van Leur filed the R.C. 119.12
notice of appeal from the suspension order, the Commission was divested of jurisdiction and could not take any further action on the case.
 {¶ 23} In Hal Artz Lincoln Mercury, the Ohio Supreme Court noted that a timely motion for reconsideration is not a new proceeding, but is simply another step in the proceeding that has already begun.28 Ohio St.3d 20-21, at paragraph four of the syllabus. After a motion for reconsideration is filed, the agency has a reasonable and short time within which to act on the reconsideration. Id.
 {¶ 24} What this means for purposes of the present case is that Van Leur did not have to file a notice of appeal within the fifteen day statutory period in R.C. 119.12, because he had already filed a timely motion for reconsideration with the agency. The Commission would have had a short and reasonable time to rule on the merits of the motion for reconsideration, so long as its decision to accept the motion for reconsideration was filed within the time originally slated for appeal.28 Ohio St.3d at 25. However, once Van Leur also filed a notice of appeal under R.C. 119.12, the Commission was divested of jurisdiction and could not take any further action on the motion for reconsideration.
 {¶ 25} As we mentioned, requiring Van Leur to elect one of these two remedies did not cause the failure of either remedy. The problem, instead, was caused by Van Leur's own failure to timely file. If Van Leur had timely filed the notice of appeal with the common pleas court and with the Commission, the common pleas court would have been able to hear the administrative appeal.
 {¶ 26} As an additional argument, Van Leur urges us to follow reasoning outlined in State ex rel. B C Machine Co. v. Indus. Comm.
(Nov. 26, 1991), Franklin App. No. 90AP-624, 1991 WL 260134, affirmed,65 Ohio St.3d 538, 1992-Ohio-75, 605 N.E.2d 372. In that case, a wife had received death benefits for her husband in 1981, based on an injury for which the husband had previously been awarded workers' compensation benefits. 1991 WL 260134, *1. The wife subsequently filed a request in 1986 for an additional award for violation of specific safety statute requirements (VSSR). This request was based on the fact that her husband had also been awarded VSSR benefits during his lifetime. Id.
 {¶ 27} In May, 1989, the Industrial Commission rejected the VSSR request, and the wife then appealed to the common pleas court. However, she also moved for reconsideration, which was granted. Subsequently, in January, 1990, the Industrial Commission modified its prior order and allowed VSSR benefits.
 {¶ 28} The employer then appealed to the common pleas court from the order that was modified in January, 1990. Among other things, the employer claimed that the Industrial Commission lost jurisdiction over the matter when the wife filed a notice of appeal with the common pleas court. However, the Tenth District Court of Appeals held that the jurisdictional barrier did not apply to requests for modification under R.C. 4123.52. The reasoning was that R.C. 4123.52 expressly gives the Industrial Commission continuing jurisdiction over each case and authorizes such modifications as the Commission finds necessary. Id. at *2. Notably, this express grant fulfills the requirement that an "agency is divested of jurisdiction to reconsider, vacate or modify the decision unless there is express statutory language to the contrary." Lorain Edn.Assn., 46 Ohio St.3d at 15.
 {¶ 29} The logic Van Leur wishes us to follow is rooted in the following statement from State ex rel. B C Machine Co., in which the Tenth District noted that:
 {¶ 30} "the filing of an appeal terminates the Industrial Commission's authority to reconsider its decision only when the decision is appealable to a court. In other words, the agency's authority to reconsider its decision is not terminated by an attempted appeal from a decision which as a matter of law is not appealable." 1991 WL 260134, *2.
 {¶ 31} Subsequently, the Ohio Supreme Court specifically agreed with this statement. See 65 Ohio St.3d at 540. Based on these facts, Van Leur urges us to hold that agency jurisdiction for reconsideration may be retained if an attempted administrative appeal cannot be prosecuted as a matter of law. We reject the request, because the "logic" does not apply to the present situation.
 {¶ 32} Specifically, State ex rel. B C Machine Co. involved a VSSR determination, which is not directly appealable to the common pleas court. Id. at 540-41. Instead, exclusive and final jurisdiction over VSSR determinations is vested in the Industrial Commission, and any attempted appeal to the common pleas court is a nullity. Id. at 540.
 {¶ 33} In contrast, Real Estate Commission orders may be directly appealed to the common pleas court under R.C. 4735.19 and R.C. 119.12. Van Leur, therefore, had the ability to appeal to the common pleas court. And, while the attempted appeal was ultimately dismissed for lack of jurisdiction, it did not fail, and was not a "nullity" due to some pre-existing legal barrier. The dismissal was, instead, due to Van Leur's failure to comply with timeliness requirements. Accordingly, the logic expressed by the Tenth District Court of Appeals, and adopted by the Ohio Supreme Court, has no bearing on the present case.
 {¶ 34} Moreover, contrary to Van Leur's contention during oral argument, our prior decision did not classify his attempted appeal to common pleas court as a nullity. To the contrary, we simply agreed with the trial court that Van Leur was not entitled to a presumption of timely delivery of the notice of appeal. Van Leur, 2004-Ohio-3777, at ¶s 12-15. As a result, we also agreed with the trial court that it did not have jurisdiction over the administrative appeal. Id. We further commented in a footnote that:
 {¶ 35} "Appellant's claim that he may have a viable motion for reconsideration pending in light of the dismissal of his administrative appeal to the common pleas court raises a matter that is not present before us in this appeal." Id. at ¶ 16, n. 4.
 {¶ 36} If Van Leur felt he had a viable motion for reconsideration pending at the Commission, the proper procedure would have been to pursue that motion or appeal from the Commission's rejection of the motion. However, instead of taking that approach, Van Leur filed a declaratory judgment action, which was not the proper remedy.
 {¶ 37} As a final matter, we note that a letter from the Commission is attached to Van Leur's reply brief. This letter allegedly establishes that the Commission had "actual notice" of Van Leur's notice of appeal before the statutory filing time in R.C. 119.12 expired. However, we cannot consider the letter because it was not part of the trial court record. Established law provides that "`[a] reviewing court cannot add matter to the record before it, which was not part of the trial court's proceedings, and then decide the appeal on the basis of the new matter.'"State ex rel. Fogle v. Steiner, 74 Ohio St.3d 158, 162, 1995-Ohio-278,656 N.E.2d 1288 (citation omitted). Furthermore, we did consider this issue in our prior decision, but found actual notice irrelevant to the question of whether an individual has complied with the filing requirements in R.C. 119.12. Van Leur, 2004-Ohio-3777, at ¶ 16.
 {¶ 38} In light of the preceding discussion, the single assignment of error is without merit and is overruled. Accordingly, the judgment of the trial court is affirmed.
Wolff, J., and Donovan, J., concur.