[Cite as *Cox v. Miami Cty. Bd. of Zoning Appeals*, 2011-Ohio-2820.]

IN THE COURT OF APPEALS OF MIAMI COUNTY, OHIO

DON E. COX, ET AL.

  Plaintiffs-Appellants  : C.A. CASE NO. 2010-CA-29

vs.          : T.C. CASE NO. 10-CV-366

THE MIAMI COUNTY BOARD OF  : (Civil Appeal from
ZONING APPEALS      Common Pleas Court)

  Defendant-Appellee   :

. . . . . . . . .

O P I N I O N

Rendered on the 10th day of June, 2011.

. . . . . . . . .

Anthony R. Day, Atty. Reg. No. 0085193, 1420 West Main Street, Tipp City, OH 45371

  Attorney for Plaintiffs-Appellants

Mark W. Altier, Assistant Prosecuting Attorney, Atty. Reg. No. 0017882, 201 West Main Street, Troy, OH 45373

  Attorney for Defendant-Appellee

. . . . . . . . .

GRADY, P.J.:

{¶ 1} Plaintiff, Don E. Cox, appeals from an order of the court of common pleas affirming the decision of the Miami County Board of Zoning Appeals ("the Board").

{¶ 2} Cox owns real property located at 300 Shoop Road, which is contiguous to real property owned by Ben Johnson located at

340 Shoop Road. Both parcels are situated in an A-2 General Agricultural zoning district. Johnson applied to the Board for a conditional use permit to operate a storage facility for recreational vehicles on a portion of the property at 340 Shoop Road. The proposed layout of the storage facility included, among other things, a fence around the perimeter and a number of trees along two or three sides of the perimeter to screen the storage facility from neighboring properties. Cox and an individual who rents neighboring property from Cox opposed Johnson's request for the conditional use permit.

{¶ 3} The Board heard testimony from the interested parties regarding Johnson's application for a conditional use permit. Based on its staff recommendations, the Board granted Johnson's application contingent upon his completion of four requirements, one of which required Johnson to obtain approval of a screening plan from the Miami County Planning Commission. Cox filed a notice of appeal to the court of common pleas pursuant to R.C. Chapter 2506. On September 9, 2010, the common pleas court affirmed the decision of the Board. Cox filed a notice of appeal.

FIRST ASSIGNMENT OF ERROR

{¶ 4} "THE TRIAL COURT ERRED TO THE PREJUDICE OF THE APPELLANTS BY CONFIRMING THE MIAMI COUNTY BOARD OF ZONING APPEALS' INTERPRETATION OF 'ENCLOSED BUILDING.'"

{¶ 5} The Ohio Supreme Court has distinguished the standard of review to be applied by common pleas courts and courts of appeals in R.C. Chapter 2506 administrative appeals. "The common pleas court considers the 'whole record,' including any new or additional evidence admitted under R.C. 2506.03, and determines whether the administrative order is unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of the substantial, reliable, and probative evidence." *Henley v. Youngstown Bd. of Zoning Appeals* (2000), 90 Ohio St.3d 142, 147.

{¶ 6} As an appellate court, however, our standard of review to be applied in an R.C. 2506.04 appeal is "more limited in scope." *Kisil v. Sandusky* (1984), 12 Ohio St.3d 30, 34. "This statute grants a more limited power to the court of appeals to review the judgment of the common pleas court only on 'questions of law,' which does not include the same extensive power to weigh 'the preponderance of substantial, reliable, and probative evidence,' as is granted to the common pleas court." Id. at n.4.

{¶ 7} Section 16.04 of the Miami County Zoning Resolutions provides for conditional uses of land located within an A-2 General Agricultural zoning district. In particular, Section 16.04(O) provides for a conditional use for "Commercial storage of boats, recreational vehicles, and/or construction equipment, only within the confines of an enclosed building." (Emphasis supplied.)

{¶ 8} The Board found that an opaque fence surrounding the proposed storage facility qualified as an enclosed building for purposes of Section 16.04(O). Consequently, the Board granted Johnson's application for a conditional use permit to build a storage facility on the property. According to Cox, the trial court erred in affirming the Board's decision to include an opaque fence within the definition of "enclosed building." We do not agree.

{¶ 9} Section 3.02 of the Miami County Zoning Resolutions defines "building" as "any structure, either temporary or permanent, having walls or other devices intended for the shelter or enclosure of persons, animals, chattel or property of any kind." Further, "structure" is defined as "anything constructed or erected, the use of which requires location on or in the ground, or attachment to something having location on or in the ground."

{¶ 10} The opaque fence that will form Johnson's storage facility fits within the definition of "structure," in that the fence will be "constructed or erected" and its use will require "location on or in the ground." Further, the fence will have "walls or other devices" and is intended for the enclosure of property, which are the only additional requirements in the definition of "building" in order for a structure to qualify as a "building." Therefore, based on the plain language of the definitions in the

Zoning Resolution, the common pleas court could reasonably find that the opaque fence in the present case fits within the definition of "building."

{¶ 11} Further, the Board's interpretations of the definitions of "structure" and "building" in the present case are consistent with its past interpretations of these words. At the hearing, the Board received the following testimony regarding this consistency:

{¶ 12} "MR HOOVER: Correct. The language in the zoning code, specifically in the zoning code it says enclosed building. The way that it's been defined through both previous cases we've had and through research that has been done by myself and the previous planning director, an enclosed fence that provides a visual barrier for the case of this particular storage area can be considered to be a quote 'building'. It does not require a structure. Our zoning code does not well define building and well define structure and so that's kind of what we've run into the [sic] in the past and based upon the research that had been done prior to when I was here that's what we based it upon. But chain link, just a regular chain link fence would mostly not meet those requirements." (March 18, 2010 Tr. 8-9.)

{¶ 13} Cox argues, however, that "[t]he BZA, and the Court of Common Pleas in agreement, determined that a 'building' is a

'structure' and a fence is a 'structure' which means a fence is a building." (Brief, p. 6.) According to Cox, the fact that a fence is a structure does not necessarily make it a building. Id. We agree with Cox that not all structures are buildings. But the court of common pleas and the Board did not say otherwise. Rather, the decisions of the Board and the court of common pleas are consistent with the fact that in order to be considered a building, the opaque fence at issue must be a structure <u>and</u> meet the further requirement of "having walls or other devices intended for the * * * enclosure of * * * property of any kind." We believe the opaque fence at issue meets this further requirement.

{¶ 14} Based on the plain language of the Zoning Resolutions and the past interpretations by the Board, we believe the court of common pleas correctly found that the Board's decision to include the opaque fence within the definition of building was supported by the preponderance of the substantial, reliable, and probative evidence. The first assignment of error is overruled.

<u>SECOND ASSIGNMENT OF ERROR</u>

{¶ 15} "THE TRIAL COURT ERRED TO THE PREJUDICE OF THE APPELLANTS BY DETERMINING THE SCREENING PLAN SUBMITTED BY BEN JOHNSON WAS ADEQUATE."

{¶ 16} The Miami County Zoning Resolutions require screening in certain circumstances. Section 19.17 of the Miami County Zoning

Resolutions[1] provides, in part:

{¶ 17} "Hereafter no buildings or structures shall be erected, altered, or enlarged, nor shall land be used for any non-residential use on a lot that adjoins or faces any residential district until a plan for screening has been submitted and approved by the Planning Commission.  No part of any building or structure shall be occupied, nor any land used, until all required screening, as provided for in this section, is in place.

{¶ 18} "***

{¶ 19} "C.   Whenever any non-residential use abuts a residential district, a visual screening wall, fence or planting shall be erected or placed along such mutual boundary lines."

{¶ 20} The Board granted Johnson's application for a permit for conditional use contingent upon the completion of four requirements.  The first requirement provides that:

{¶ 21} "Prior to the beginning of the operation of the proposed storage facility the applicant would be required to obtain approval from the Miami County Planning Commission for the proposed parking area and screening plan.  The applicant may be required to upgrade

---

[1] The parties disagree regarding whether the screening provision is contained in Article 19 of the Miami County Zoning Resolutions or instead in Article 18.  But this disagreement does not affect our analysis of the second assignment of error because the text of the two screening requirements cited by the parties are identical.

his proposed facility based upon the Planning Commission's requirements."

{¶ 22} The parties disagree whether a portion of the storage facility and driveway leading to the storage facility faces a residential district. The Board found that screening was required when it granted the conditional use permit. By requiring screening, the Board necessarily found that the storage facility faces a residential district.

{¶ 23} The Board did not approve the screening plan that Johnson proposed. The Board instead granted the conditional use permit he requested, contingent on Johnson's obtaining the approval of the Planning Commission of a screening plan. That is consistent with the terms of the Zoning Resolution that prohibit commencement of the permitted use until a screening plan has been approved by the Planning Commission. On this record, it is unclear whether the Planning Commission has approved a screening which the Board required. The error Johnson assigns is therefore premature. The second assignment of error is overruled.

{¶ 24} Having overruled the error assigned, we will affirm the judgment of the court of common pleas from which this appeal was taken.

DONOVAN, J. and HALL, J. concur.


Copies mailed to:

Anthony R. Day, Esq.
Mark W. Altier, Esq.
Hon. Robert J. Lindeman