[Cite as *Howard v. Greenville Twp. Bd. of Zoning Appeals*, 2013-Ohio-4076.]

IN THE COURT OF APPEALS FOR DARKE COUNTY, OHIO

SHANA L. HOWARD, et al.                          :

    Plaintiffs-Appellees                          :          C.A. CASE NO.    2012 CA 13

v.                                              :          T.C. NO.    12CV391

GREENVILLE TOWNSHIP BD. OF                       :         (Civil appeal from
ZONING APPEALS                                                   Common Pleas Court)

    Defendant-Appellant                          :

                                      :

. . . . . . . . . .

**O P I N I O N**

Rendered on the     20th     day of     September    , 2013.

. . . . . . . . . .

JONATHAN S. ZWEIZIG, Atty. Reg. No. 0069381, 18 East Water Street, Troy, Ohio 45373  Attorney for Plaintiffs-Appellees

NICOLE L. POHLMAN, Atty. Reg. No. 0086301, P. O. Box 158, Greenville, Ohio 45331
    Attorney for Defendant-Appellant

. . . . . . . . . .

FROELICH, J.

    **{¶ 1}**  The Greenville Township Board of Zoning Appeals ("the BZA")

appeals from a May 31, 2012 judgment of the Darke County Court of Common Pleas, which

"vacated" the BZA's approval of a conditional use permit for Doug Fellers to operate an automotive repair garage at 8560 U.S. Route 127 in Greenville Township. For the following reasons, the judgment of the trial court will be affirmed.

*Facts & Procedural History*

{¶ 2} Fellers has filed several requests for a conditional use permit for an auto repair garage on the property in question, and the BZA has addressed his applications each time. Interested landowners on nearby properties, including Shana L. Howard and Susan M. Howell, have opposed the proposed use of the property.

{¶ 3} The BZA's hearing on Fellers's first application was on July 5, 2011. The notice of the July meeting stated that Fellers had requested a conditional use of the property as an auto service garage and that the property was "currently zoned rural residential;" at that time, the application indicated (and the BZA believed) that the property in question was zoned "rural residential." Although an auto service garage is not a permitted conditional use of land that is zoned rural residential, the BZA approved the conditional use, with the requirement that Fellers install a privacy fence. It appears that Fellers began to operate his business on the premises shortly thereafter. However, due to its failure to give proper notice to all interested parties prior to the July 5 meeting, the BZA scheduled another meeting on Fellers's application on September 20, 2011.

{¶ 4} The notice of the September 20 meeting again stated that the BZA was to consider Fellers's application for a conditional use permit and that the property was zoned rural residential. At the meeting itself, however, the BZA stated that the issue of conditional use had been decided on July 5 and that the "tenet" for the September meeting

was discussion of the need for a fence, which had not yet been built.

{¶ 5}     The BZA also announced at the September meeting that Fellers's land was zoned "business" rather than "rural residential."   The record showed that, in 1973, the BZA had changed the zoning of the property to "commercial."   No evidence was presented as to what conditional uses were permitted under the "commercial" property designation, and by 2011, the designation of "commercial" property no longer existed in the zoning resolution. Sometime after 1973, the "commercial" designation had been abandoned in favor of "industrial" and "business" designations, but no information was presented about how this change was effectuated or what designation, if any, had been given to Fellers's property. The BZA voted at that September 20 meeting to declare that Fellers's property was zoned "business," "leaving the conditional use in place."[1]

{¶ 6}     The interested landowners appealed to the court of common pleas from the BZA's September 2011 decision to grant Fellers a conditional use permit (Darke C.P. No. 11 CV 00628).   The court identified numerous problems with the BZA's actions.   Specifically, the court found that: 1) Fellers's application was defective because it addressed only five of the nine requirements for such an application, as set forth in Part XII of the Greenville Township Zoning Resolution, 2) the notice of the July 2011 meeting was defective (apparently because it was not served on all interested parties), 3) the notice of the September 2011 meeting was ineffective because the issues addressed at that meeting "were significantly different" from those stated in the notice, particularly in that the BZA did not

_____

[1]The transcripts and written decisions, if any, resulting from the July 5 and September 20 BZA meetings are not contained in the record before us. Our statement of the facts related to these events is taken, in part, from the trial court's judgment entry dated May 1, 2012.

treat the issuance of the conditional use permit as if it were still open for discussion and voted to change the zoning of the property; and 4) an auto service garage is not a permitted conditional use of rural residential property (as Fellers's property was identified in the notices). On May 1, 2012, the court vacated the BZA's decisions at both the July and September 2011 meetings, finding them to be "null and void" due to the procedural errors and the failure of Fellers's application to address all of the requirements contained in the Greenville Township Zoning Resolution.

{¶ 7} On May 14, 2012, the interested landowners filed a motion in the trial court to enforce the May 1 judgment entry, because Fellers's automotive repair shop continued to operate as of that date. On May 16, the BZA opposed the motion, asserting that it had informed Fellers that he needed to cease operations and resubmit his application for a conditional use permit. The BZA's memorandum further stated that Fellers had resubmitted his application and that the application had been set for a hearing on May 31, 2012. On May 17, the trial court ordered the BZA "to take such action as is required to enforce the Greenville Township Zoning Code."

{¶ 8} On May 21, 2012, the BZA filed a notice of appeal from the trial court's May 1 judgment (Darke C.P. No. 2011 CV 00628).

{¶ 9} On May 31, 2012, the BZA conducted a hearing on Fellers's resubmitted application for a conditional use permit. Based on the transcript of the hearing, it appears that at least some of the BZA members were unaware, at that time, of the trial court's May 1 judgment with respect to the BZA's previous decisions and were unaware of and had not authorized the BZA's pending appeal of that judgment. After discussion of several issues,

including questions from interested parties about Fellers's intended use of the property and information from the zoning officer about the reclassification of the property from rural residential to commercial in 1973, the BZA again voted to approve the request for a conditional use permit.

{¶ 10} On June 8, 2012, the BZA filed a Notice of Dismissal of its appeal from the trial court's May 1 decision.

{¶ 11} On June 15, the interested landowners appealed to the trial court from the BZA's May 31 decision (Darke C.P. No. 12 CV 00391).

{¶ 12} On November 30, 2012, the trial court found that the BZA's action on Fellers's application at its May 31 meeting was improper in several respects. The court found several problems, including the fact that Fellers's application still did not include an adequate site plan and details of the effects on adjoining property, as required by the Greenville Township Zoning Resolution. The court also noted that the BZA had not "follow[ed] the Court's guidance" as set forth in the May 1, 2012 judgment to determine whether the "commercial" designation assigned to the property in 1973 was the same as a "business" designation under the current zoning and to determine what conditional uses were allowed for commercial property in 1973. These issues were not addressed at the hearing. Additionally, the court noted that 1) evidence was presented for the first time at the May 31 hearing that Fellers was selling automobiles on the property, which was not reflected on Fellers's application and was not permitted by the Zoning Resolution, and 2) the BZA went into executive session during the meeting in a manner that, in several respects, was not according to law. The court held that the BZA's May 31 decision granting Fellers's

conditional use permit was "invalid" and "null and void."

{¶ 13}    In summary, the timeline is as follows:

June 2011 (approx.)   Fellers files application for conditional use permit

July 5, 2011          BZA hearing on application; BZA voted to approve conditional use but also to hold another hearing due to concerns about adequate notice to interested landowners

Sept. 20, 2011        BZA's 2nd hearing on Fellers's conditional use application, reaffirming approval of application

Oct. 2011             interested landowners appeal BZA decision to Court of Common Pleas (C.P. Case No. 11 CV 00628)

May 1, 2012           trial court finds numerous problems with BZA decision and vacates it as "null and void"

early May 2012        Fellers files a new or supplemented application for a conditional use permit, which addresses some but not all of the concerns expressed in the court's May 1 judgment

May 14, 2012          interested landowners file motion in trial court seeking to enforce judgment of May 1, 2012

May 16, 2012          BZA files a memorandum opposing the interested landowners' motion to enforce

May 17, 2012          trial court orders BZA to enforce May 1, 2012 judgment and zoning code

May 21, 2012          BZA files notice of appeal from trial court's May 1, 2012 judgment in Case No. 11 CV 00628

May 31, 2012          BZA holds a hearing on Fellers's resubmitted application for a conditional use permit and again approves such a permit

June 8, 2012          BZA voluntarily dismisses its appeal

June 15, 2012         interested landowners appeal from BZA May 31 decision (C.P. Case No. 12CV00391)

Nov. 30, 2012         trial court finds BZA's actions on May 31 "invalid," "null and void"

{¶ 14} The BZA appeals from the trial court's judgment, raising one assignment of error.

THE TRIAL COURT ABUSED ITS DISCRETION BY RAISING CERTAIN ISSUES SUA SPONTE FOR THE FIRST TIME IN ITS ENTRY AND DECISION, THEREBY DEPRIVING THE GREENVILLE TOWNSHIP BOARD OF ZONING APPEALS THE OPPORTUNITY TO BRIEF AND SET FORTH ARGUMENTS AS TO THOSE ISSUES.

{¶ 15} The BZA contends that the trial court erred in deciding the administrative appeal based on issues that were not raised in the interested landowners' brief. The interested landowners had argued that 1) the BZA's notice of appeal filed on May 21, 2012, stripped it (the BZA) of any authority to act on Fellers's application at its hearing on May 31, 2012, 2) the BZA never properly addressed the distinction between the "commercial" and "business" zoning classifications and what conditional uses were permitted under the "commercial" designation, as the trial court instructed the BZA to do in the court's May 1, 2012 entry, and 3) the Greenville Township Zoning Resolution required Fellers to wait one year to resubmit an application following a "denial" of an application.

{¶ 16} In an administrative appeal pursuant to R.C. Chapter 2506, the common pleas court considers the whole record, including any new or additional evidence admitted under R.C. 2506.03, and determines whether the administrative order is unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable, and probative evidence. *Henley v. Youngstown Bd. of Zoning Appeals*,

90 Ohio St.3d 142, 147-148, 735 N.E.2d 433 (2000); *Mordick v. Dayton*, 2d Dist. Montgomery No. 24663, 2012-Ohio-289, ¶ 14.

{¶ 17}    The Ohio Supreme Court has distinguished the standard of review to be applied by common pleas courts and courts of appeals in R.C. Chapter 2506 administrative appeals.   R.C. 2506.04 "grants a more limited power to the court of appeals to review the judgment of the common pleas court only on 'questions of law,' which does not include the same extensive power to weigh 'the preponderance of substantial, reliable, and probative evidence.'"   *Henley* at 147.   In other words, as an appellate court, our standard of review in an R.C. 2506.04 appeal is "more limited in scope."   *Kisil v. Sandusky*, 12 Ohio St.3d 30, 34, 465 N.E.2d 848 (1984).   "The fact that the court of appeals * * * might have arrived at a different conclusion than the administrative agency is immaterial."   *Henley* at 147, citing *Lorain City School Dist. Bd. of Edn. v. State Emp. Relations Bd.*, 40 Ohio St.3d 257, 261, 533 N.E.2d 264 (1988). *See also Cox v. Miami Cty. Bd. of Zoning Appeals,* 2d Dist. Miami No.2010-CA-29, 2011-Ohio-2820, ¶ 5-6.

{¶ 18}    Although the BZA correctly points out that the reasons cited by the trial court in its decision invalidating the BZA's decision of May 31, 2012, are not those specifically raised by the neighboring landowners' brief to the court, the trial court was justified in reaching the conclusions that it did.

{¶ 19}    First, while the trial court did not address this issue, the BZA lacked authority to take further action on May 31, 2012 with respect to Fellers's application.   The Rules of Appellate Procedure generally apply to administrative appeals.   R.C. 2505.03(B). When a notice of appeal from a decision of an administrative agency has been filed, the

agency is divested of its inherent jurisdiction to reconsider, vacate or modify the decision unless there is express statutory language to the contrary. *Van Leur v. Ohio Dept. of Commerce,* 2d Dist. Montgomery No. 20617, 2005-Ohio-915, ¶ 21, citing *Lorain Edn. Assn. v. Lorain City School Dist. Bd. of Edn.*, 46 Ohio St.3d 12, 15, 544 N.E.2d 687 (1989). On May 21, 2012, the BZA filed a notice of appeal from the trial court's May 1, 2012, decision with respect to its actions on Fellers's application. This notice of appeal prohibited the BZA from taking further action on the application or another application aimed at correcting errors in or modifying the prior application or proceedings, while the appeal was pending.[2]

**{¶ 20}** In response to the interested landowners' argument in the trial court that the BZA had lacked jurisdiction to act on May 31, the BZA attached to its brief an affidavit from the Darke County Clerk of Courts. The Clerk, Cindy Pike, acknowledged in her affidavit that a notice of appeal had been filed by the BZA on May 21, 2012; she stated, however, that "said appeal was inadvertently never forwarded on" to the court of appeals. Based on these facts, she concluded that "said appeal was never docketed or perfected." In other words, Pike's affidavit suggests, and the BZA interprets it to state, that a procedural error in the clerk's office rendered the BZA's notice of appeal ineffective, that, as a result, no appeal was pending at the time of the BZA's hearing and decisions on May 31, and that the BZA therefore did not lack jurisdiction to act on Fellers's renewed application at that time.

---

[2]The record of the May 31 hearing shows a lack of information on the part of the BZA or at least on the part of some of its members as to the existence and substance of the trial court's May 1, 2012, judgment, as well as a lack of knowledge of the pending appeal. The trial court characterized this as an "incredible" "breakdown in communication between the BZA's counsel and the BZA." Although these facts are troubling, our resolution of this appeal does not require us to address this issue.

**{¶ 21}** App.R. 3(A) states that "[a]n appeal as of right shall be taken by filing a notice of appeal with the clerk of the trial court within the time allowed * * *." The BZA satisfied this requirement. R.C. 2505.04 governs the manner in which an appeal is perfected. It provides: "An appeal is perfected when a written notice of appeal is filed, in the case of an appeal of a final order, judgment, or decree of court, in accordance with the Rules of Appellate Procedure * * *." The timely filing of a notice of appeal is the only jurisdictional requirement for perfecting a valid appeal. *Transamerica Ins. Co. v. Nolan*, 72 Ohio St.3d 320, 649 N.E.2d 1229 (1995), syllabus. The Rule further provides that "the failure of an appellant to take any step other than the timely filing of a notice of appeal does not affect the validity of the appeal, but is ground only for such action as the court of appeals deems appropriate." App.R. 3(A). "'[T]he determination as to the appropriateness of an appeal lies solely with the appellate court.'" *Daugherty v. Daugherty*, 4th Dist. Hocking No. 11CA18, 2012-Ohio-1520, ¶ 14, citing *State ex rel. Electronic Classroom of Tomorrow v. Cuyahoga Cty. Court of Common Pleas*, 129 Ohio St.3d 30, 2011-Ohio-626, 950 N.E.2d 149, at ¶ 16.

**{¶ 22}** *Daugherty* held that a trial court judge's opinion that the order appealed from is not a final, appealable order does not alter the fact that the filing of the notice of appeal divests the trial court of jurisdiction to proceed with the adjudication during the pendency of the appeal. If an error on the part of the appellant or a trial judge does not affect the validity of the appeal, an error on the part of the clerk may not do so. The clerk of courts' conclusion (as reflected in her affidavit) that the appeal was not perfected because she failed to forward the notice of appeal to this court is not binding upon this court.

Pursuant to App.R. 3(A) and R.C. 2505.04, the BZA had satisfied the requirement for filing an appeal prior to May 31, 2012. Notwithstanding any error on the part of the clerk's office with respect to its handling of the appeal, the BZA had no authority to take further action on the application on that date.

{¶ 23} The BZA also attempted to "voluntarily dismiss" its appeal by its own motion on June 8, 2012, and a judge of the common pleas court signed the notice of dismissal. We note, however, that an appeal to this court can be dismissed only by an order of this court. App.R. 28. The appellate rules do not provide a mechanism for voluntary dismissal such as that available in the trial court pursuant to Civ.R. 41(A). Thus, the appeal of the BZA from the trial court's May 1, 2012 judgment in Case No. 11 CV 00628 remains pending, although the clerk has not docketed it or forwarded the notice of appeal to this court.

{¶ 24} Because none of the parties has objected to the dismissal of the BZA's appeal from the trial court's May 1, 2012 judgment, and all have proceeded as if the appeal were properly dismissed, we will address the ineffective dismissal of this appeal in the trial court as follows: 1) we hereby order that the Darke County Clerk of Courts assign a case number to the BZA's appeal from the May 1, 2012 judgment and forward the BZA's notice of appeal to this court, pursuant to the usual procedures for the handling of a notice of appeal; 2) upon completion of the previous task, the clerk shall notify the parties of the case number assigned to this appeal; and 3) the BZA's attorney shall promptly submit a motion and entry to this court requesting the dismissal of that appeal. Upon receipt of the BZA's motion, this court will dismiss the appeal of the May 1, 2012 judgment in Darke C.P. No. 11

CV 00628 in accordance with App.R. 28 and, in doing so, eliminate any question regarding the authority of the BZA or the trial court to address future matters related to Fellers's property.

{¶ 25} Because the trial court judgment from which the BZA appeals in this case did not rely on the BZA's lack of authority to act, and because the parties have proceeded as if the BZA dismissed its appeal from the trial court's May 1 judgment, we will briefly address the trial court's findings with respect to the substantive errors in the administrative proceedings related to Fellers's applications for a conditional use permit.

{¶ 26} The trial court correctly found that the notices provided to interested landowners with respect to the BZA's consideration of the conditional use permit were inadequate. The BZA essentially conceded that notice of its hearing on July 5, 2011, was inadequate in that it was not given to all interested parties; the inadequacy of the notice was the reason for the September 20 hearing. The notice for the September hearing incorrectly identified the current zoning of the property as rural residential. It is unclear from the record before us what the notice of the May 31 hearing said about the current zoning classification of the property. Although Fellers's resubmitted application stated that it was zoned B-1, the trial court's May 1 judgment indicated that the classification was unclear, and the additional evidence offered at the hearing did not make the classification clear. This uncertainty prompted the BZA to take an impromptu vote on the zoning, about which no notice had been given.

{¶ 27} The trial court also found that the BZA had failed to adequately inquire into the distinction between the "commercial" classification of Fellers's property in 1973, which

no longer existed, and its alleged current classification as "business," including what conditional uses had been permitted in a commercial zone. Because the trial court had addressed the need for information about this distinction in its May 1 judgment, which the BZA largely ignored, the trial court acted within its discretion in revisiting this issue, even if it was not raised by the interested landowners in their brief to the court. The BZA cannot reasonably assert that it "was never afforded the opportunity" to address this concern, when the court had previously instructed the BZA to address it.

{¶ 28} The BZA attached to its brief in the trial court in support of its May 31 decision some materials that were not before it at the hearing, but which it apparently believed bolstered its decision. An appellate court reviews a lower court's or agency's decision to determine if error were committed. Almost by definition, this type of review precludes our consideration of facts not before that lower court or agency.

{¶ 29} However, if we were to consider this new material, one of the documents was an affidavit of the Darke County Zoning Inspector, Curtis Yount, who stated that the property in question was rezoned "commercial" in 1973, and that in 1989, "commercial districts were split and changed to either a business or an industrial zoning designation." Yount further stated that Fellers's property had been given a "business" designation at that time and continued to have that classification. (Yount had provided less detailed information about this progression and timeline at the hearing.) Yount's affidavit contains no specific information as to how the zoning change was effectuated, so as to allow an independent assessment of whether proper notice and other procedural requirements were satisfied at the time of the alleged reclassification from commercial to business. His

affidavit also did not specifically address what conditional uses were permitted in a business zone.

{¶ 30}   The "Commercial Districts" section of a zoning code was also attached to the BZA's brief in the trial court.   There is no date on this partial document, which states that a "repair garage" is a "permitted use" (not a "conditional use") in a commercial district. This document presumably addressed, in part, the court's interest in whether a garage had been a permitted use in a commercial district.   However, this information was not before the BZA at the May 31 hearing, and the BZA did not know, at that time, whether an auto repair garage had been permitted on commercial property.   Furthermore, the BZA's effort to rely in its brief to the court on the "commercial" classification of the property, which it claimed no longer existed, and its vote to change the property's classification to "business" in the midst of the proceedings, supported the trial court's implicit conclusion that the BZA did not have a clear, workable understanding of the zoning classification of the property when it granted the conditional use permit, and that such information was essential to a valid determination that such use was permitted.

{¶ 31}   Finally, the court noted that the BZA went into executive session during its May 31 meeting, but that the executive session was not conducted according to law. Specifically, the court noted that the reason for the executive session was unclear, and that there was no record of the adjournment of the executive session or of a roll call vote to exit the session.   The transcript of the hearing supports these conclusions.

{¶ 32}   Thus, in addition to the impropriety of the BZA's proceeding with a hearing while an appeal was pending, the record supports the trial court's conclusions that the BZA

failed to provide adequate notice of the issues it intended to consider and failed to consider Fellers's application in accordance with the applicable zoning regulations.

**{¶ 33}** The assignment of error is overruled.

**{¶ 34}** The judgment of the trial court will be affirmed.

. . . . . . . . . .

DONOVAN, J. and HALL, J., concur.

Copies mailed to:

Jonathan S. Zweizig
Nicole L. Pohlman
Hon. Charles D. Steele (by assignment)
Hon. Jonathan P. Hein